IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY W. ROBINSON,

    Plaintiff,                     2:12-cv-2783 MCE GGH PS

    vs.

COUNTY OF SAN JOAQUIN, et al.,

    Defendants.             FINDINGS AND RECOMMENDATIONS

/

        Previously pending on this court's law and motion calendar for May 23, 2013, was defendants' motion to dismiss, filed April 3, 2013. Plaintiff appeared in pro se. Defendants were represented by Velma Lim. Having heard oral argument and reviewed the motion and opposition, the court now issues the following Findings and Recommendations.

BACKGROUND

        This action was commenced on November 13, 2012 against defendants County of San Joaquin ("County")[1] and Director John Solis. According to the complaint, plaintiff was employed by the County of San Joaquin ("County") from October, 1994 to July 1, 2011, and from August 3, 1998 to July, 2011 in a civil service position. Plaintiff alleges that defendant Solis, the Director, targeted plaintiff for dismissal even though plaintiff had more seniority than

---

[1] Plaintiff also named San Joaquin County Employment and Economic Development Department as a defendant, however, the County is the proper defendant.

forty other employees.  He further alleges that the EEOC found no basis for his two complaints, filed in 2003 and 2007, and then prevented his appeals from being heard.  (Compl. at 2.) Plaintiff asserts that he received an unsatisfactory evaluation in December, 2009, for writing only one OJT contract and four job orders, but he claims that in fact he wrote four OJT contracts and fourteen job orders.  As a result, plaintiff refused to sign the evaluation, and filed another EEO claim on January 26, 2010.  As a result of the unsatisfactory evaluation, plaintiff claims he lost "seniority hours," and was selected for termination by Director Solis on May 31, 2011.  Plaintiff then filed another EEO complaint for retaliation on September 16, 2011.  (Id. at 3.)  The complaint alleges that defendants then developed criteria to permit lay-offs in the event of staff reductions based on consideration of individuals who had received unsatisfactory evaluations regardless of seniority.  According to the complaint, this criteria was not applied to plaintiff's peers who were not African American.  (Id. at 4.)  Plaintiff asserts that defendants' excuse of business necessity due to funding loss was a pretext for his termination.  In addition to his wrongful termination, plaintiff alleges that he was denied two positions in other departments based on review of his personnel file which reflected the negative evaluation.  (Id. at 5.)  Plaintiff brings his claims under Title VII of the Civil Rights Act, and appears to allege state law claims of intentional misrepresentation, negligent infliction of emotional distress, and intentional infliction of emotional distress.  The complaint does not contain a prayer for relief but only "seek[s] redress for his injury."  (Id. at 6.)

DISCUSSION

        Defendant's motion seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or in the alternative seeks a more definite statement.

I. Legal Standard for Motion to Dismiss

        In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative

level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S. Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In alleging a claim after Bell and Iqbal, the Ninth Circuit has recently discussed the pleading requirements under Rule 8(a):

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

Starr v. Baca, 652 F.3d 1202, (9th Cir. July 25, 2011). The court must determine whether the complaint contains sufficient facts leading the court to infer that the claim is plausible on its face. Sablan v. A.B. Pat Intern. Airport Authority, Guam, 2010 WL 5148202, *4 (D. Guam 2010). Therefore, post-Iqbal and Bell, the plausibility requirement is a more rigorous one, and in employment discrimination suits a plaintiff "must get closer to alleging a prima facie case than was necessary a few years ago." Id. In other words, the court should view "each allegation in light of the relevant prima facie elements for each cause of action and determin[e] whether Plaintiff either sufficiently pleads an element of the prima facie case *or* provides enough factual allegations that can lead the court to plausibly infer each element of the prima facie case." Washington v. Certainteed Gypsum, 2011 WL 3705000, *5 (D. Nev. Aug. 24, 2011) (emphasis in original).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986).  The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

II. Analysis

    A. Title VII Claims

Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq., makes it an unlawful employment practice for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color,

religion, sex, or national origin." Id., § 2000e-2(a)(1). Section 2000e-16 makes the substantive provisions of Title VII applicable to federal agencies. If the employer permits the work environment to be permeated by hostility based on the emphasized protected categories, this hostile work environment itself violates Title VII. Meritor Savings Bank v. Vinson, 477 U.S. 57, 106 S. Ct. 2399 (1986).

A suit for retaliation may be brought under Title VII which provides in part:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e-3(a).

This section protects an employee or former employee from retaliation as a result of engaging in activity protected by Title VII. Arnold v. U.S., 816 F.2d 1306, 1310 (9th Cir. 1987); Richardson v. Restaurant Marketing Associates, Inc., 527 F. Supp. 690, 695 (N.D. Cal. 1981). In a retaliation case, this circuit follows the general rule regarding proof as set forth in McDonnell Douglas. Thus: (1) plaintiff must establish a prima facie case which includes a sufficient nexus such that one may infer the adverse action was taken *because* of engaging in the protected activity; (2) defendant must then come forward with legitimate nondiscriminatory reasons for the action; and (3) plaintiff has the final burden to show that the action was a pretext for retaliation. See Steiner v. Showboat Operating Co., 25 F.3d 1459, 1464-65 (9th Cir. 1994).

Claims brought under Title VII of the Civil Rights Act must be administratively exhausted. Plaintiff must allege he received a right to sue letter from the EEOC. A non-federal employee plaintiff filing a complaint under Title VII has ninety days to file the complaint in federal court after receipt of the EEOC's right to sue letter.[2] An EEOC charge must be filed

---

[2] In addition, a plaintiff must file an EEOC complaint within 300 days of the alleged violation. See 42 U.S.C. § 2000e-5(e); 29 C.F.R. § 1601.13; Draper v.Coeur Rochester, Inc., 147

within 180 days of the last discriminatory act (or within 300 days in a state, such as California, which has its own anti-discrimination laws and agency). See 42 U.S.C. S 2000e-1.

### 1. Defendant Solis

Defendant Solis, as an individual, cannot be subject to liability under Title VII. The Ninth Circuit has held that individual employees, including supervisory employees, cannot be held liable for damages under Title VII. Miller v. Maxwell's International, Inc., 991 F.2d 583, 587-588 (9th Cir. 1993). Although this act defines "employer" to include "any agent" of the employer (42 U.S.C. § 2000e(b) ), the Ninth Circuit has construed these provisions "to incorporate respondeat superior liability into the statute[s]" rather than impose "employer liability" on the employee. Id., at 587, quoting Padway v. Palches, 665 F.2d 965, 968 (9th Cir. 1982). Thus, "civil liability for employment discrimination does not extend to individual agents of the employer who committed the violations, even if that agent is a supervisory employee." Pink v. Modoc Indian Health Project, Inc., 157 F.3d 1185, 1189 (9th Cir. 1998). Thus, only the employer may be held liable under Title VII. Since plaintiff has properly named the County as a defendant, defendant Solis will be dismissed.

### 2. County Defendant

The County contends that plaintiff has failed to state a claim for discrimination under Title VII because he does not allege facts establishing a causal connection between his race and the alleged harm, that other non-African-American employees received more favorable treatment, or that the adverse employment actions against him were motivated by a racial animus. In regard to retaliation, defendant argues that plaintiff has failed to show any facts demonstrating a causal connection between the alleged protected activity and his termination.

Under the standards elucidated in Starr, plaintiff has just barely made out a claim for discrimination and retaliation. Plaintiff does allege that he was subjected to an evaluation

---

F.3d 1104, 1107 (9th Cir. 1998). This requirement effectively serves as a statute of limitations for the filing of Title VII claims. See Draper, 147 F.3d at 1107.

system that targeted him as an African American for termination, i.e., an evaluation system that was not used for other similarly situated employees. If true, this would certainly be cause for a discrimination suit if plaintiff's termination came about as a result of the evaluation. But plaintiff has also muddled the picture by claiming retaliation when it is not clear that sufficient facts have been alleged to show that *engaging in the protected activity of filing discrimination complaints* led to his termination, either in and of itself or in conjunction with the earlier alleged discrimination. As the undersigned pointed out at hearing, a claim for retaliation must be related to the underlying participation in the protected activity (e.g., filing an EEOC complaint) and not some other activity. Plaintiff will eventually have to prove that he was terminated in retaliation for filing an EEOC claim concerning the discrimination. For the sake of moving this case forward, and in light of his pro se status plaintiff will not be required to amend the complaint, but will be permitted to proceed on the Title VII claims for discrimination and retaliation. Whether either of plaintiff's claims can withstand summary judgment is a matter reserved for a later decision. This order in no way opines on the merits of this claim, but only finds that the complaint sufficiently states a claim for relief.

B. State Law Claims

Defendants argue that plaintiff has failed to state a claim for Intentional Misrepresentation, Intentional Infliction of Emotional Distress, and Negligent Infliction of Emotional Distress.

The sole reference to these state law claims is the following paragraph:

> State claims of Intentional Misrepresentation, CAL. CIV. CODE §
> 3294 and Negligent Intentional Infliction of Emotional Distress,
> CAL. CIV. CODE § 1714.. are intimately connected to federal
> violations.

(Compl. at 2.)

Defendants argue that plaintiff has not alleged that he submitted a timely claim under the California Tort Claims Act, that defendant Solis cannot be held personally liable for his

1  conduct relating to personnel action, citing Sheppard v. Freeman, 67 Cal.App.4th 339, 347

2  (1998), and that plaintiff's claim of negligent infliction of emotional distress is pre-empted by

3  California's Worker's Compensation Law.

4        Under the California Tort Claims Act ("CTCA"), a plaintiff may not maintain an

5  action for damages against a public entity unless a written claim has first been presented to the

6  appropriate entity and has been acted upon by that entity. See Cal. Gov't Code § 911.2. Failure

7  to present a timely claim against the public entity bars a subsequent civil action for damages

8  against the public entity. See Yagman v. Galipo, 2013 WL 141785, *8 (C.D. Cal. Jan. 7, 2013).

9  Although a plaintiff may include supplemental state law claims in a civil rights action brought in

10 federal court pursuant to Title VII, the state law claims are subject to dismissal for failure to

11 allege compliance with the claim-filing requirement of the CTCA. See Mangold v. Cal. Pub.

12 Utilities Comm, 67 F.3d 1470, 1477 (9th Cir. 1995); Lamon v. Adams, 2011 WL 318301*7

13 (E.D. Cal. 2011); Davenport v. Board of Trustees of State Center Community College, 2008 WL

14 170876 (E.D. Cal. Jan. 18, 2008). The CTCA applies to state law claims wherever those claims

15 are brought.

16       As set forth in Sheppard, defendant Solis may not be held liable in tort for his

17 actions taken with respect to a personnel action. [3]

18       At hearing, plaintiff conceded that he had not complied with California's

19 administrative exhaustion requirement. Therefore, the state tort claims against defendants should

20 be dismissed with prejudice. Based on this finding, it is not necessary to address defendants'

---

[3] Sheppard was rejected by some federal cases insofar as Sheppard is held to apply to co-worker actions outside the scope of employment. See Graw v. Los Angeles County Metro. etc, 52 F. Supp. 2d 1152 (C.D. Cal. 1999). However, the undersigned need not choose between the two cases insofar as it is clear that Solis was acting within the course and scope of his employment. To the extent that the undersigned was compelled to make a choice, in the circumstances of this case, a personnel decision, pure and simple, (*compare* Joyce v. Walgreen Co. 2007 WL 2088461(E.D. Cal. 2007), an MCE case, in which the tort alleged was not one in connection with a personnel decision), the undersigned agrees with Sheppard's preclusion of tort actions against co-employees, including supervisors, when state law clearly precludes such individual actions within the statutory discrimination context.

other defenses in regard to these claims.

CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss, filed April 3, 2012, (dkt. no. 9), be granted in part;

2. Defendant Solis be dismissed with prejudice from this action;

3. All state law claims be dismissed; and

4. Defendant County be ordered to file an answer to the Title VII claim within twenty-eight days of an order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within seven (7) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 30, 2013

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH:076/Robinson2783.mtd.wpd