UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN, et al.,<br><br>Defendants. | No. 2:12-cv-2783 MCE GGH PS<br><br>STATUS (PRETRIAL SCHEDULING) ORDER |

The parties have filed a joint statement regarding scheduling. Accordingly, the court makes the following findings and orders:

SERVICE OF PROCESS

All defendants have been served and no further service is permitted except with leave of court, good cause having been shown.

JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings is permitted except with leave of court, good cause having been shown.

JURISDICTION/VENUE

Jurisdiction is undisputed and is hereby found to be proper, as is venue.

/////

/////

1

MOTION HEARING SCHEDULES

All law and motion except as to discovery is left open, save and except that it shall be conducted so as to be completed by April 24, 2014. The word "completed" in this context means that all law and motion matters must be heard by the above date. Counsel are cautioned to refer to the local rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case, and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence gleaned through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion by the law and motion cutoff set forth supra.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

DISCOVERY

All discovery is left open, save and except that it shall be so conducted as to be completed by March 27, 2014. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been complied with. Motions to compel discovery must be noticed on the undersigned's calendar in accordance with the local rules of this court and so that such motions will be heard not later than February 27, 2014.

1   <u>EXPERT DISCLOSURE</u>

2         All counsel (and/or pro se parties) are to designate in writing and file with the court, and
3 serve upon all other parties, the names of all experts that they propose to tender at trial not later
4 than January 16, 2014.  Simultaneous designation of any supplemental/rebuttal experts is due no
5 later than February 6, 2014.  An expert witness not appearing on said lists will not be permitted to
6 testify unless the party offering the witness demonstrates:  (a) that the necessity of the witness
7 could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and
8 opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness
9 was promptly proffered for deposition.  Failure to provide the information required along with the
10 expert designation may lead to preclusion of the expert's testimony or other appropriate
11 sanctions.

12         For the purposes of this scheduling order, experts are defined as "percipient" and
13 designated experts.  <u>Both types of experts shall be listed</u>.  Percipient experts are persons who,
14 because of their expertise, have rendered expert opinions in the normal course of their work
15 duties or observations pertinent to the issues in the case.  Another term for their opinions are
16 "historical opinions."  Percipient experts are experts who, unless also designated as retained
17 experts, are limited to testifying to their historical opinions and the reasons for them.  That is,
18 they may be asked to testify to their opinions given in the past and the whys and wherefores
19 concerning the development of that opinion.  However, they may not be asked to render a current
20 opinion for the purposes of the litigation.

21         Retained experts, who may be percipient experts as well, are specifically designated by a
22 party to be a testifying expert for the purposes of the litigation.  The retained Rule 26 expert may
23 express opinions formed for the purposes of the litigation.[1]  A party designating a retained expert

---

[1] Retained experts may, or may not, be paid for their services.  The critical distinction between percipient and retained experts is that the retained expert will have gathered information during the course of the litigation *for the purpose of rendering an opinion on a disputed fact in the litigation*.  Percipient experts are limited to the information available at the time their historical opinions were given.  For example, a physician whose only contact with the litigation was the treatment of a party prior to the commencement of litigation, or even after commencement, and whose only purpose was to treat the party, is a percipient expert.  This doctor may have issued an

1   will be assumed to have acquired the express permission of the witness to be so listed.²

2   The parties shall comply with the information disclosure provisions of Fed. R. Civ. P. 26

3   (a)(2) (B) for any expert, who is in whole or in part designated as a retained expert.  This

4   information is due at the time of designation.  Failure to supply the required information may

5   result in the striking of the retained expert.  No reports are necessary for purely percipient experts.

6   Retained experts are to be fully prepared to render an informed opinion at the time of designation

7   so that they may fully participate in any deposition taken by the opposing party.  Retained experts

8   will not be permitted to testify at trial as to any information gathered or evaluated, or opinion

9   formed, which should have been reasonably available at the time of designation.  The court will

10  closely scrutinize for discovery abuse deposition opinions which differ markedly in nature and/or

11  in bases from those expressed in the mandatory information disclosure.

12  FINAL PRETRIAL STATEMENTS AND CONFERENCE

13  The Final Pretrial Conference is set in courtroom #7 of the Honorable Morrison C.

14  England, Jr. on November 13, 2014, at 2:00 p.m.³  Counsel are cautioned that counsel appearing

15  for Pretrial will in fact try the matter.

16  All parties are to be fully prepared for trial at the time of the Pretrial Conference, with no

17  matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel

18  are referred to Local Rules 281 and 282 relating to the contents of and time for filing Pretrial

19  Statements.  A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE

20  GROUNDS FOR SANCTIONS.

21  Notwithstanding the provisions of Local Rule 281, which contemplates the filing of

22  separate Pretrial Statements by plaintiffs and defendants, the parties are to prepare a JOINT

---

opinion in the medical records, but he is not retained for the purpose of the litigation.  However, that same doctor, if asked by a party to render an opinion for the purpose of litigation, over and above any historically rendered opinions, is a retained expert.  See Goodman v. Staples The Office Superstore LLC, 644 F.3d 817 (9th Cir. 2011) (holding percipient treating physician who transforms into expert witness must comply with Fed. R. Civ. P. 26(a)(2), and clarifying when such transformation takes place).

² The court is not interested in a designation of non-testifying Rule 26 experts, i.e., non-testifying consultants.

³ The pretrial and trial dates provided here are the first dates available before Judge England.

STATEMENT with respect to the undisputed facts and disputed factual issues of the case. See Local Rule 281(b)(3), (4), and (6). The undisputed facts and disputed factual issues are to be set forth in two separate sections. The parties should identify those facts which are relevant to each separate cause of action. In this regard, the parties are to number each individual fact or factual issue. Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue. The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action. The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise issues that will be litigated at trial. The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.[4] The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of plaintiff's Pretrial Statement. If the case is tried to a jury, the undisputed facts will be read to the jury.

Pursuant to Local Rule 281(b)(10) and (11), the parties are required to provide in their Pretrial Statements a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose. These lists shall not be contained in the Pretrial Statement itself, but shall be attached as separate documents to be used as addenda to the Final Pretrial Order. Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically. The Pretrial Order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the Pretrial Order. Counsel are cautioned that the standard will be strictly applied.

---

[4] For example, and simplistically, if the claim to be adjudicated involved a traffic accident, the disputed factual issues might be: whether defendant negligently drove his vehicle through the intersection by reason of failing to observe traffic signals; whether such negligence caused the accident involving plaintiff, whether plaintiff's actions (being distracted) contributed to the accident; whether plaintiff suffered injury and damages as a result of the accident [perhaps breaking out specific injuries and damages]. It would be inappropriate and unhelpful to list myriad evidentiary facts in dispute – whether the light had turned yellow at the time defendant's vehicle approached the intersection, whether defendants' skid marks were 30 feet long, whether plaintiff was distracted by use of a cell phone, and so forth. However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

On the other hand, the listing of exhibits or witnesses which counsel do not intend to call or use will be viewed as an abuse of the court's processes.

Counsel are also reminded that, pursuant to Fed. R. Civ. P. 16, it will be their duty at the Pretrial Conference to aid the court in (a) formulation and simplification of issues and the elimination of frivolous claims or defenses; (b) settling of facts which should be properly admitted; and (c) the avoidance of unnecessary proof and cumulative evidence. Counsel must prepare their Pretrial Statements, and participate in good faith at the Pretrial Conference, with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

TRIAL SETTING

Trial is set for January 5, 2015 at 9:00 a.m. in Courtroom No. #7 before the Honorable Morrison C. England, Jr. Trial will be by jury. The court expects the trial will take approximately seven to ten days.

SETTLEMENT CONFERENCE

A Settlement Conference will be set at the time of the Pretrial Conference, or unless sooner requested by *both* parties.

MISCELLANEOUS PROVISIONS

There appear to be no other matters presently pending before the court that will aid the just and expeditious disposition of this matter.

IT IS SO ORDERED.

Pursuant to Fed. R. Civ. P. 16(b), THIS COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

1. The parties may conduct discovery until March 27, 2014. Motions to compel discovery are to be noticed to be heard by February 27, 2014, as more specifically described in this order.

2. The parties shall disclose experts, as described herein, by January 16, 2014. Supplemental/rebuttal experts shall be disclosed simultaneously by February 6, 2014.

      3.      All pretrial motions, except motions to compel discovery, shall be completed as described herein on or before April 24, 2014.

      4.      Pretrial Conference (as described in Local Rule 282) is set in this case for November 13, 2014 at 2:00 p.m.  Pretrial statements shall be filed in accord with Local Rules 281 and 282.

      5.      This matter is set for jury trial on January 5, 2015, at 9:00 a.m.

Dated: October 13, 2013

                              /s/ Gregory G. Hollows

                              UNITED STATES MAGISTRATE JUDGE

GGH:076/Robinson2783.so