UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF SAN JOAQUIN, et al.,<br><br>　　　　Defendants. | No. 2:12-cv-2783 MCE GGH PS<br><br><br><br>ORDER |

　　　　Presently before this court is plaintiff's "motion to preserve evidence," filed October 15, 2013, and noticed for hearing on November 7, 2013. Defendants have filed an opposition. For the reasons stated herein, the motion is denied.

　　　　Plaintiff's motion does not seek to preserve evidence but rather seeks to compel the testimony of Malcolm Loungway, an EEOC investigator, as well as the production of documents from an EEOC fact finding conference. In that regard, the motion is both procedurally and substantively defective. It does not appear that plaintiff has sought Loungway's testimony by issuing a subpoena. Nor has he subpoenaed the requested documents. Only after plaintiff has issued the subpoena in accordance with Fed. R. Civ. P. 45 (in conjunction with Rule 30), and nonparty Loungway has moved to quash the subpoena or otherwise failed to comply with it, may plaintiff move to compel his testimony or production of documents by filing a motion in this

/////

/////

1

court.[1]  Plaintiff was previously advised "to refer to the Federal Rules of Civil Procedure in serving the discovery requests he desires.  See Fed. R. Civ. P. 26-36.  If there is a discovery dispute, plaintiff may file a motion pursuant to this court's Local Rules.  See E.D. Local Rule 251."  Plaintiff is now informed that discovery sought from a non-party must proceed through the requirements of Rule 45.

In regard to the substance of the motion, this court has previously informed plaintiff that:

> In general, EEOC investigators are not required to submit to deposition in cases where the EEOC is not a party.  Baker v. Dupnik, 2010 WL 9561922, *3-4 (D. Ariz. Jan. 27, 2010).  In regard to notes and transcripts from the EEOC case, plaintiff is advised that such documents may be subpoenaed, but rules of relevance apply, and certain privileges or other limitations may restrict or prevent their disclosure.  See Fed. R. Civ. P. 45; Leyh v. Modicon, Inc., 881 F.Supp. 420, 426-27 (S.D. Ind. 1995); Exxon Shipping Co. v. U.S. Dept. of Interior, 34 F.3d 774, 779 (9th Cir. 1994).

Order, filed October 11, 2013.

Should plaintiff subpoena EEOC investigator Loungway, he is warned that any motion he brings before this court as a result of non-compliance will be viewed in light of the above law, and if the motion fails to distinguish his situation from that of the above law, plaintiff well might face monetary sanctions.

Accordingly, IT IS ORDERED that: plaintiff's motion to preserve evidence, filed October 15, 2013, (ECF No. 30), is denied without prejudice, and vacated from the calendar for November 7, 2013.

Dated: October 29, 2013

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Robinson2783.mtnprsv

---

[1] The motion is not defectively noticed as motions to compel require only twenty-one days notice.  E.D. Local Rule 251(a).