UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. ROBINSON, | No. 2:12-cv-2783 MCE GGH PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SAN JOAQUIN, | |
| Defendant. | |

Previously pending on this court's law and motion calendar for February 20, 2014, was plaintiff's motion to compel production of documents and further responses to interrogatories. Plaintiff appeared in pro se. Jamie Bossuat appeared for defendant. After reviewing the joint statement, filed February 13, 2014 and hearing oral argument, the court now issues the following order.

BACKGROUND

This action was commenced on November 13, 2012 against defendants County of San Joaquin ("County")[1] and Director John Solis. According to the complaint, plaintiff was employed by the County of San Joaquin ("County") from October, 1994 to July 1, 2011, and from August 3, 1998 to July, 2011 in a civil service position.[2] Plaintiff alleges that defendant Solis, the Director,

---

[1] Plaintiff also named San Joaquin County Employment and Economic Development Department as a defendant, however, the County is the proper defendant.

[2] Plaintiff's portion of the joint statement indicates that plaintiff worked for the County from August, 1998 to July 1, 2011 as an Employment Services Specialist I and II at in the Employment and Economic Development Department. (ECF No. 39 at 2.) Plaintiff was laid off on July 1, 2013. (Id.)

1

targeted plaintiff for dismissal even though plaintiff had more seniority than forty other employees. He further alleges that the EEOC found no basis for his two complaints, filed in 2003 and 2007, and then prevented his appeals from being heard. (Compl. at 2.) Plaintiff asserts that he received an unsatisfactory evaluation in December, 2009, for writing only one OJT contract and four job orders, but he claims that in fact he wrote four OJT contracts and fourteen job orders. As a result, plaintiff refused to sign the evaluation, and filed another EEO claim on January 26, 2010. As a result of the unsatisfactory evaluation, plaintiff claims he lost "seniority hours," and was selected for termination by Director Solis on May 31, 2011. Plaintiff then filed another EEO complaint for retaliation on September 16, 2011. (Id. at 3.) The complaint alleges that defendants then developed criteria to permit lay-offs in the event of staff reductions based on consideration of individuals who had received unsatisfactory evaluations regardless of seniority. According to the complaint, this criteria was not applied to plaintiff's peers who were not African American. (Id. at 4.) Plaintiff asserts that defendants' excuse of business necessity due to funding loss was a pretext for his termination. In addition to his wrongful termination, plaintiff alleges that he was denied two positions in other departments based on review of his personnel file which reflected the negative evaluation. (Id. at 5.) The sole remaining claim, after all state law claims were dismissed, is under Title VII of the Civil Rights Act. The complaint does not contain a prayer for relief but only "seek[s] redress for his injury." (Id. at 6.) Defendant Solis was dismissed by findings and recommendations, which were adopted on August 5, 2013.

      Defendant represents that plaintiff was terminated due to budget cuts in the County, and job eliminations in particular in the department where plaintiff worked. Defendant denies singling plaintiff out for a performance evaluation, and states that he was offered jobs elsewhere in the County.

DISCUSSION

      At issue are several document requests and interrogatories, many of which were resolved at the meet and confer session. At hearing, plaintiff indicated that he was satisfied with responses to the following discovery requests and that they were no longer at issue: Interrogatories numbered 6, 7, 8, and 9.

1    A second group of requests were ones for which defendant represented that it had either
2    produced all responsive documents or that no responsive documents existed; however, plaintiff
3    doubted this response. As plaintiff did not provide any evidence to support his suspicions, the
4    undersigned could only order defendant at hearing to file a verification for those responses or to
5    provide a verification previously given. Those discovery requests for which defendant shall
6    provide verifications are Document Requests numbered 4, 9, and 11. Defendant shall file
7    verifications within ten court days of the hearing. Each remaining disputed request or
8    interrogatory will be addressed in turn.

9    Document Request No. 1 – "All emails in which Plaintiff's name appears in the subject line or in
10   the body of the e-mail from November 14, 2007 to July 1, 2011."

11   The County contends that it did conduct a search for emails containing plaintiff's name
12   which were sent to or from plaintiff's direct supervisors, John Solis, Maria Castellanos and Allet
13   Williams, and that it has produced such non-privileged emails; however, emails between Gil
14   Gutierrez, Deputy County Counsel and all County employees, as well as the Board of Supervisors
15   are protected by the attorney client privilege, are work product, and/or may implicate the privacy
16   rights of clients and consumers. The County states that it did provide plaintiff with emails from
17   County Employees to Gutierrz during the time period covering plaintiff's EEOC complaint
18   investigation.

19   The County further argues that this request is overbroad and burdensome, and a search for
20   every email with plaintiff's name turns up emails completely unrelated to this litigation.

21   The County did not provide a privilege log with its objections. Privilege logs are due at
22   the time a discovery response is made. See Fed. R. Civ. P. 26(b)(5) (requiring privilege log for
23   withheld documents), and Fed. R. Civ. P. 34(b) (objections are due within 30 days). While not
24   many litigants will be overly incensed about a privilege log not delivered until actual document
25   production, at the very latest, privilege logs should be delivered, or at least promised forthwith
26   during the meet and confer process of a discovery dispute. Eureka v. Hartford Ins., 136 F.R.D.
27   179, 184 (E.D. Cal. 1991). Under federal law, improper assertions of privilege in the privilege
28   log, or an untimely privilege log, may (but not necessarily) result in waiver. Burlington Northern

1 & Santa Fe etc. v. U.S.D.C. Montana (Kapsner), 408 F.3d 1142 (9th Cir. 2005). The court has
2 discretion in this regard. United States v. Construction Products Research, Inc., 73 F.3d 464, 473
3 (2nd Cir. 1996). Privilege logs should contain the following information: general nature of the
4 document, the identity and position of its author, the date of authorship, identity and position of
5 recipients, location of the document, and reason document was withheld. W.W. Schwarzer, A.W.
6 Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 11:1919.

7   At the hearing, the County was directed to produce a privilege log within ten court days of
8 the hearing.

9   The County also failed to produce a declaration regarding burden, arguing only that
10 plaintiff's request was so broad that many of the responsive documents would be irrelevant, and
11 that it's IT Department stated that it would be difficult to find all responsive emails.

12   General or boilerplate objections such as "overly burdensome" are improper, especially
13 when a party fails to submit any evidentiary declarations supporting such objections. A. Farber
14 and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006). The County bears the burden,
15 as the objecting party, to show reasons for its objections, and for failing to produce the requested
16 discovery. Bible v. Rio Properties, Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007). The objecting
17 party must demonstrate "specifically how, despite the broad and liberal construction afforded the
18 federal discovery rules, each interrogatory is not relevant or how each question is overly broad,
19 burdensome or oppressive [] by submitting affidavits or offering evidence revealing the nature of
20 the burden." Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (D.C. P. 1980) (internal
21 citations omitted).

22   As the County has failed to provide a declaration supporting its objection based on
23 burden, it shall file and serve a declaration by a member of its IT Department which outlines the
24 burden involved in responding to this document request.

25 Document Request No. 3 – A copy of the report created by Spectrum Consulting in 2007/2008.
26   Defendant claims attorney client privilege over the investigation report prepared by Jaci
27 Southward as it was issued and addressed to David Wooten, County Counsel. According to the
28 County, this investigation concerned conduct in the EEDD department and did not pertain to

specific conduct towards plaintiff himself.  Defendant states that it did locate a draft which it did not produce, but has not located the final report which may have been destroyed because it is probably seven years old.

The County has not provided a privilege log as required, explaining in court that a log was unnecessary because there is only one document at issue and plaintiff is already aware of the author of the report and that it was done at the request of County Counsel.  The County then conceded at hearing that it was not sure whether the report pertained to discrimination in any respect.  Therefore, the County shall file and serve a privilege log pertaining to this report, and shall spell out the subject matter of the document.  If the document addresses discrimination at all, then it is relevant to this litigation.

Interrogatory No. 12 – "Plaintiff was interviewed for two positions prior to and after lay-off.  Please provide the ethnicity/race, educational level, and work experience of the individuals hired in those positions."

Defendant states that it "continues to work to tabulate the requested information and will supplement its responses."  Defendant shall fully respond to this interrogatory within ten court days of the hearing.

CONCLUSION

Accordingly, IT IS ORDERED that:

1.  Plaintiff's motion to compel further discovery responses, filed January 28, 2014, (ECF No. 35), is granted in part.

2.  Within ten court days of the hearing, defendant shall file and serve verifications to its responses to documents requests numbered 4, 9 and 11; a privilege log to support its objections to production of responses to documents requests numbered 1 and 3; a declaration supporting its burden objection to request number 1; and a response to interrogatory number 12.

Dated: February 24, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Robinson2783.dsy