UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. ROBINSON, | No. 2:12-cv-2783 MCE GGH PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SAN JOAQUIN, | |
| Defendant. | |

      This court has determined that counsel for plaintiff may be warranted in this case. Any successful application for appointment of counsel must comply with criteria set forth in <u>Bradshaw v. Zoological Society of San Diego</u>, 662 F.2d 1301 (9th Cir. 1981). Before appointing counsel to plaintiff, the Ninth Circuit's decision in Bradshaw requires the court to consider (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on the merits. <u>Id.</u> at 1318. Appointment of counsel is not a matter of right. <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F. 2d 266 (9th Cir. 1982).

      This court's General Order number 188 sets forth the specific requirements for appointment in this district under <u>Bradshaw</u>. First, plaintiff must complete an in forma pauperis application. "Poverty generally means that the plaintiff has only enough money to eat and meet other basic needs." General Order No. 188, filed January 14, 1986, Ex. A at 3. Second, plaintiff must file a motion for appointment of counsel, along with a declaration attesting to his previous efforts to obtain counsel. "Reasonable efforts mean that the plaintiff tried the appropriate legal aid offices and also at least two lawyers without success." <u>Id.</u> The General Order and its exhibit

1

detail how the motion must be made. After plaintiff submits an in forma pauperis application, and motion and declaration concerning his efforts to obtain counsel, the court will address the third factor, plaintiff's likelihood of success on the merits.

The three factors outlined in Bradshaw

> are simply ingredients in the total mix of relevant information which should guide the discretion of the district court. . . . We do not suggest that plaintiff should be saddled with formalized requirements such as the filing of affidavits, statements, or structured pleadings. "Such technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process." District courts should be sensitive to the problems faced by pro se litigants and innovative in their responses to them.

Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1309, 1310 (5th Cir.1977) (internal citation and quotation omitted), abrogated on other grounds as recognized by Hodges v. Dep't of Corr., 895 F.2d 1360, 1362 (11th Cir.1990).

Accordingly, IT IS ORDERED that:

1. Within **seven** days of this order, plaintiff shall complete and file an application to proceed in forma pauperis, and a motion for appointment of counsel with a declaration as set forth herein.

2. The Clerk of the Court is directed to send plaintiff an application to proceed in forma pauperis and a copy of this court's General Order Number 188.

Dated: May 9, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Robinson2783.financ

2