UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. ROBINSON, | No. 2:12-cv-2783 MCE GGH PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SAN JOAQUIN, | |
| Defendant. | |

     Presently before the court are plaintiff's motions for appointment of counsel and to proceed in forma pauperis, filed May 13, 2014, in response to the court's May 9, 2014 order, as well as an outstanding discovery matter.

     Plaintiff has submitted an affidavit making the showing required by 28 U.S.C. § 1915(a)(1). Accordingly, the request to proceed in forma pauperis will be granted.

     Plaintiff's motion for appointment of counsel was filed as a result of advisement by the court that counsel might be warranted in this case. Any successful application for appointment of counsel must comply with criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981). Before appointing counsel to plaintiff, the Ninth Circuit's decision in Bradshaw requires the court to consider (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on the merits. Id. at 1318. Appointment of counsel is not a matter of right. See Ivey v. Board of Regents, 673 F. 2d 266 (9th Cir. 1982).

     This court's General Order number 188 sets forth the specific requirements for appointment in this district under Bradshaw. First, plaintiff must complete an in forma pauperis

1

application.  "Poverty generally means that the plaintiff has only enough money to eat and meet other basic needs."  General Order No. 188, filed January 14, 1986, Ex. A at 3.  In this case, plaintiff's approved application to proceed in forma pauperis automatically resolves this factor in his favor.

Second, plaintiff must file a motion for appointment of counsel, along with a declaration attesting to his previous efforts to obtain counsel.  "Reasonable efforts mean that the plaintiff tried the appropriate legal aid offices and also at least two lawyers without success."  Id.  The General Order and its exhibit detail how the motion must be made.  Here, plaintiff has set forth his attempts to retain counsel without success which have included visits to the Community Legal Services Clinic at McGeorge School of Law, Legal Services of Northern California, University of California, Davis Clinic, and two private attorneys.  At this stage of the litigation, the court cannot determine whether plaintiff is likely to succeed on the merits of his claim; however, his claim appears to be colorable.

The three factors outlined in Bradshaw

> are simply ingredients in the total mix of relevant information which should guide the discretion of the district court. . . . We do not suggest that plaintiff should be saddled with formalized requirements such as the filing of affidavits, statements, or structured pleadings.  "Such technicalities are particularly inappropriate in a statutory scheme in which laymen, unassisted by trained lawyers, initiate the process."  District courts should be sensitive to the problems faced by pro se litigants and innovative in their responses to them.

Caston v. Sears, Roebuck & Co., 556 F.2d 1305, 1309, 1310 (5th Cir.1977) (internal citation and quotation omitted), abrogated on other grounds as recognized by Hodges v. Dep't of Corr., 895 F.2d 1360, 1362 (11th Cir. 1990).

Taking plaintiff's allegations as true, the undersigned finds that plaintiff's Title VII claim presents difficult issues regarding defendant's potential liability.  Without the aid of an attorney for plaintiff, however, it is difficult to evaluate the merits of plaintiffs' claim.  One court has addressed a similar issue as follows:

> If a suit has very little prospect of success, the benefit that attorney appointment provides the plaintiff may be offset by the burden of litigation on the judiciary and the defendant, as well as on the

> appointed attorney. At the same time, the absence of an attorney for the plaintiff may make it difficult for the court to evaluate the merits of the plaintiff's claim in deciding whether appointment is appropriate. The balancing of these considerations is problematic. Finding no satisfactory guidance in the case law or in the language and history of the appointment provision, we will not attempt to articulate a standard that greatly circumscribes the trial court's discretion. We will, however, indicate at least the range within which the court's discretion should be exercised: if the plaintiff's claim appears to be patently frivolous, appointment should be refused; if, on the other hand, the plaintiff appears to have some chance of prevailing, then appointment should not be refused for want of a meritorious claim.

Poindexter v. Federal Bureau of Investigations, 737 F.2d 1173, 1186-87 (D.C. Cir. 1984). The undersigned finds that plaintiff's claim does not appear to be patently frivolous and that it may have merit.[1] Therefore, the undersigned took steps to refer this matter to the members of the court's Bradshaw panel with instructions to assess whether any member of the panel deemed plaintiff's case meritorious and wished to assume his representation.

Thirteen attorneys have now been contacted over the past month, with information and instructions to assess whether the case is meritorious and whether they wish to assume representation, as well as being granted access to the public record of this action. Unfortunately, the court must report that no attorney has been able or willing to take this case. Therefore, plaintiff's request for appointment of counsel must be denied.

Also pending before the court is that portion of plaintiff's April 11, 2014 motion to compel concerning his document request number 1, all emails dated between November 14, 2007 and July 1, 2011, in which his name is referenced. See ECF Nos. 67, 68 (finding the motion timely because it relates to a previous motion to compel that was filed before the discovery deadline), 82. As defendant has not yet been given the opportunity to respond to this renewed motion, it shall do so at this time. Plaintiff may reply.

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion to proceed in forma pauperis, filed May 13, 2014, (ECF No. 78), is granted.

---

[1] Moreover, plaintiffs' ability to adequately present his claim may be hampered by the absence of counsel. See Poindexter, 737 F.2d at 1188-89.

3

1    2.  Plaintiff's motion to appoint counsel, filed May 13, 2014, (ECF No. 77), is denied.

2    3.  Defendant shall file an opposition to plaintiff's motion to compel, filed April 11, 2014,

3 (ECF No. 67) within **fourteen days of the filed date of this** order.  Plaintiff may file a reply

4 **fourteen** days thereafter.  The matter will then be taken under submission, with a hearing to be

5 scheduled only if necessary.

6 Dated: June 26, 2014

7                              /s/ Gregory G. Hollows

8                     UNITED STATES MAGISTRATE JUDGE

11 GGH:076/Robinson2783.appt

4