UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. ROBINSON, | No. 2:12-cv-2783 MCE GGH PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SAN JOAQUIN, | |
| Defendant. | |

Presently before the court is plaintiff's renewed motion to compel discovery, filed April 11, 2014. (ECF No. 67). After reviewing the papers in support of and in opposition to the motion, the court now issues the following order.

BACKGROUND

The only outstanding discovery matter to be decided in this case is Document Request No. 1, "All emails in which Plaintiff's name appears in the subject line or in the body of the e-mail from November 14, 2007 to July 1, 2011."[1,2] This motion originally came to the court's attention

---

[1] The document request further states:

> The emails during this period may contain information relevant in these proceedings and are necessitated by disclosure by Defendant of an e-mail from Allet Williams (Defendant Witness) to Maria Castellanos (Defendant Witness) dated February 1, 2008, in which Plaintiff is mention in subject line and the body of the e-mail, and Ms. Williams states she has been in contact with Labor Relations

1

with plaintiff's initial motion to compel, filed January 28, 2014 (ECF No. 35).  An order deciding that motion was issued on February 24, 2014, (ECF No. 43), with directions to defendant to provide a privilege log and a declaration supporting its burden objection.  That information was filed on March 6, 2014.  (ECF No. 44.)  Unsatisfied with that response, plaintiff filed his renewed motion which is now before the court.  On June 27, 2014, defendant was directed to file an opposition, and plaintiff was permitted to file a reply, (ECF No. 86), which they did on July 11, 2014 (ECF No. 93), and July 17, 2014 (ECF No. 98), respectively.

DISCUSSION

The discovery thus far on this facially, seemingly, not extremely difficult to comply with, discovery request has been a discovery shell game resulting in a futile attempt to discover the "pea," but always coming up empty handed, and apparently so for different reasons.  If the purpose of responding to this request has been to wear the court out, that purpose has been realized, and the undersigned has grown weary. The undersigned will characterize the discovery efforts so far, highlight the inconsistencies/incompleteness in response, as well as the complete cacophony of the San Joaquin County e-mail systems and information retrieval, and will then issue one final and *specific* order, which will be complied with lest serious sanctions issue.

In the previous order addressing Document Request Number 1, the undersigned stated:

> The County contends that it did conduct a search for emails containing plaintiff's name which were sent to or from plaintiff's direct supervisors, John Solis, Maria Castellanos and Allet Williams, and that it has produced such non-privileged emails; however, emails between Gil Gutierrez, Deputy County Counsel and all County employees, as well as the Board of Supervisors are protected by the attorney client privilege, are work product, and/or may implicate the privacy rights of clients and consumers.  The County states that it did provide plaintiff with emails from County

---

> and to "Please keep in mind that there is history with Anthony, what we do and how we do will be scrutinized, however we will deal with the problem."  Ms. Williams further adds "I have been cautioned to make certain what occurs is not retaliation or fallout from previous situations."  Finally, Ms. Williams concludes with "I am receiving guidance from Human Resources and Labor Relations."

(ECF No. 93-2 at 1.)

[2] The remainder of plaintiff's renewed motion to compel pertains to matters previously decided.

2

Employees to Gutierrez during the time period covering plaintiff's EEOC complaint investigation.

The County further argues that this request is overbroad and burdensome, and a search for every email with plaintiff's name turns up emails completely unrelated to this litigation.

The County did not provide a privilege log with its objections. Privilege logs are due at the time a discovery response is made. See Fed. R. Civ. P. 26(b)(5) (requiring privilege log for withheld documents), and Fed. R. Civ. P. 34(b) (objections are due within 30 days). While not many litigants will be overly incensed about a privilege log not delivered until actual document production, at the very latest, privilege logs should be delivered, or at least promised forthwith during the meet and confer process of a discovery dispute. Eureka v. Hartford Ins., 136 F.R.D. 179, 184 (E.D. Cal. 1991). Under federal law, improper assertions of privilege in the privilege log, or an untimely privilege log, may (but not necessarily) result in waiver. Burlington Northern & Santa Fe etc. v. U.S.D.C. Montana (Kapsner), 408 F.3d 1142 (9th Cir. 2005). The court has discretion in this regard. United States v. Construction Products Research, Inc., 73 F.3d 464, 473 (2nd Cir. 1996). Privilege logs should contain the following information: general nature of the document, the identity and position of its author, the date of authorship, identity and position of recipients, location of the document, and reason document was withheld. W.W. Schwarzer, A.W. Tashima & J. Wagstaffe, Federal Civil Procedure Before Trial § 11:1919.

At the hearing, the County was directed to produce a privilege log within ten court days of the hearing.

The County also failed to produce a declaration regarding burden, arguing only that plaintiff's request was so broad that many of the responsive documents would be irrelevant, and that it's IT Department stated that it would be difficult to find all responsive emails.

General or boilerplate objections such as "overly burdensome" are improper, especially when a party fails to submit any evidentiary declarations supporting such objections. A. Farber and Partners, Inc. v. Garber, 234 F.R.D. 186, 188 (C.D. Cal. 2006). The County bears the burden, as the objecting party, to show reasons for its objections, and for failing to produce the requested discovery. Bible v. Rio Properties, Inc., 246 F.R.D. 614, 618 (C.D. Cal. 2007). The objecting party must demonstrate "specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive [] by submitting affidavits or offering evidence revealing the nature of the burden." Roesberg v. Johns-Manville Corp., 85 F.R.D. 292, 296-97 (D.C. P. 1980) (internal citations omitted).

As the County has failed to provide a declaration supporting its objection based on burden, it shall file and serve a declaration by

a member of its IT Department which outlines the burden involved in responding to this document request.

(Order, filed February 24, 2014, ECF No. 43 at 3-4.)

*Thus, at this juncture, the County unilaterally narrowed plaintiff's requests to three individuals, and apparently produced emails from these persons for all requested years, and made non-specific attorney-client objections.*

In its response to the court's order regarding Document Request Number 1, and despite having previously invoked the attorney-client privilege, defendant stated that no privileged documents had been identified at that time. (ECF No. 44-1 at 1.)

In regard to burden, defendant submitted a declaration by a Department Information Systems Analyst III for San Joaquin County, assigned to the Employment and Economic Development Department ("EEDD") (plaintiff's department), which states in part:

> 3. The County email system is a system of individual email boxes. The County does not have the capacity to perform a system-wide search of all emails. Rather, to search for a particular email or category of emails, one must access an individual employee email box and perform a search in that particular email box. The nature of the email system makes it a time consuming task to search for a particular category of emails across multiple email boxes.
>
> 4. Retention of emails is also based on individual email boxes. Employee email boxes are routinely backed up and those backups are retained for one year. The Information Systems Division does not control whether individual emails are deleted or retained and each individual employee may delete or retain an email for various lengths of time.
>
> 6. [sic] The County has conducted a search of all EEDD current employee email boxes. The County has a limited ability to search former employee's email boxes. In 2012, the County transitioned to a new email system and in that transition, the ability to access old emails as an administrator was eliminated. At this point in time, I do not have the ability to log into or search any additional former employee email boxes.

(Warren Decl., ECF 44-3 at 1-2.)

*This declaration raises more questions than it answers (especially when compared to the Becker declaration below). In this individual email box situation where the overall systems administrator apparently has little control (highly unusual), emails are backed up, but deletions*

4

*of emails are at the seemingly unfettered discretion of each employee.  A search was undertaken of all current EEDD employees ( for unspecified years), but a systems change made it impossible to search for emails prior to 2012—(was this for current as well as former employees, or just former employees?)  Backups are retained for only one year, which apparently means that a search for emails older than one year is entirely dependent upon whether an individual employee determined: to clean his or her email box as soon as possible; to clean the box at some unknown years time after the email was written/received; or to never delete any emails. No emails for former employees for the years 2007-2011, regardless of relevance, would be available. Destruction of potential evidence therefore was, and would continue to be, uncontrollable.*

Next, the Systems Administrator for the entire County weighed in, or at least that part of the County whose departments do not run an entirely independent systems administration like EEDD.  Declaration of Jerry Becker, ECF 93-6.  Mr. Becker also describes the various email systems in use for the County departments which are quite different from one another both in terms of software company and age of each program.  Thus, according to Mr. Becker, it would be an unfair burden on anyone to try to find emails as plaintiff has requested from 2007- 2011.  Mr. Becker, unlike Ms. Warren, does believe a system wide search can be made for emails by the systems administrator, but with the caveat that the network search might not find emails that are kept "locally" on an individual's computer, but not on the network (however that happens). Backups of emails are made, but they are only retained for one year, apparently regardless of whether an email box is for a current or former employee.  He thought that Ms. Warren did have access to an old server with the "potential" for the existence of older emails, but deferred to Ms. Warren for that analysis.

*So again, it appears that the existence of emails over one year old varies with each employee depending on the whims of each employee.  The discussion about burden (on a County wide basis) becomes more understandable when it is realized that a <u>systems</u> based email search, if possible at all, would be incomplete even within a one year time frame, and not possible for emails older than one year (the emails in question).  Thus, every employee's "C" drive would have to be searched in order to have any confidence that a "complete" search was performed for*

5

*any emails that happened to be still around. Of course, a "complete" search of potentially very incomplete records is a contradiction in terms. Whether potential evidence was destroyed would apparently be based on a completely arbitrary, individual decision unconstrained by any formalized procedures for preservation of evidence.*

CONCLUSION

    Thus, the undersigned orders as follows:

1. Plaintiff's motion to compel (ECF No. 67), is granted insofar as it resolves the matters herein;

2. The County shall specify those emails produced from what persons and from which County departments who/which have supplied emails pertinent to Request 1 thus far, in terms of each year, 2007- present, which were available for a search; the specification shall include a statement concerning the unavailability of potentially relevant emails for the years for which the individual determined to delete "old" emails;

3. For the departments EEDD, Human Resources and Labor Relations (includes any other personnel department however denominated), County Counsel, and that department responsible for processing discrimination claims if different from Human Resources, etc., the County shall specify what, if any document preservation policies for potential/actual litigation were in effect for the years 2007 and each year subsequent, and whether they were complied with in this case;

4. For the departments listed in paragraph 2, and with the exception of those employees identified in compliance with paragraph 1, the County shall perform a computer by computer search for all <u>current</u> employees in order that *any* emails relating to plaintiff's discrimination claims or job performance for the years 2007 to present may be produced; this search may be accomplished by an instruction to each department employee to search *all* emails existing on his/her computer for the years 2007 to present; the employee shall report to the person making the results/production required by this paragraph known to the court what that employee's email retention/deletion policy was for the years 2007-present; the reporting person shall prepare a listing for each employee;

1  as indicated above, a report of documents produced and identification of individual
2  document retention/deletion policies shall be filed with the court;[3] and
3  5.  The court understands from the declarations submitted that no emails remain for
4  former employees for the years 2007-2011; if this is correct, a knowledgeable person(s)
5  shall affirm the court's understanding; if this is not correct, the same search/report
6  required in paragraph 3 shall be made for former employees of the specified departments
7  for these years.  This search may be delegated to a person(s) knowledgeable in
8  information retrieval.

Specifications and report of searches as ordered above shall be made in the form of a declaration by a knowledgeable person(s).  The filing of the declarations(s) shall be made within 30 days of the filed date of this order; no extensions will be authorized.

IT IS SO ORDERED.

Dated: July 31, 2014

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Robinson2783.mtc#1

---

[3] The undersigned understands that substantial work will be required for compliance with this order.  However, the undersigned is not responsible for the County's email systems which apparently have been designed for individual control and with *no* concern for litigation responsibilities.