UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. ROBINSON, | No. 2:12-cv-2783 MCE GGH PS |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SAN JOAQUIN, | |
| Defendant. | |

Presently pending before this court is plaintiff's motion to compel disclosure of privileged documents, filed September 15, 2014.[1] Defendant has filed an opposition. Having reviewed the papers and heard oral argument, the court now issues the following order.

BACKGROUND

This action concerns plaintiff's claim for wrongful termination and failure to promote based on racial discrimination and retaliation pursuant to Title VII of the Civil Rights Act.[2] According to the complaint, plaintiff, an African-American, was employed by the County of San Joaquin ("County") from October, 1994 to July 1, 2011, and from August 3, 1998 to July, 2011 in

---

[1] The motion was previously set on the undersigned's law and motion calendar for October 16, 2014; however, due to unforeseen circumstances, the hearing had to be vacated.

[2] State law claims were previously dismissed, as was defendant John Solis.

1

a civil service position.[3]  (Compl. at 2.)  Plaintiff asserts that defendant's excuse of business necessity due to funding loss as the basis for its decision was a pretext for his termination.

Defendant represents that plaintiff was terminated due to budget cuts in the County, and job eliminations in particular in the department where plaintiff worked.  Defendant denies singling plaintiff out for a performance evaluation, and states that he was offered jobs elsewhere in the County.

Plaintiff filed his first EEO charge alleging retaliation on February 8, 2010.  He filed an amended charge adding race discrimination on January 11, 2012.  He filed a second EEO charge on September 20, 2011, and amended it on January 12, 2012.

Plaintiff's motion results from his Document Request No. 1, which sought "All emails in which Plaintiff's name appears in the subject line or in the body of the e-mail from November 14, 2007 to July 1, 2011."[4]  The undersigned resolved the motion in its July 31, 2014 order, (ECF No. 99), by requiring defendant to conduct a further search, as well as provide details concerning the emails produced.[5]  Further emails were to be produced, specifically "*any* emails relating to

---

[3]  Other records indicate that plaintiff worked for the County from August, 1998 to July 1, 2011 as an Employment Services Specialist I and II at in the Employment and Economic Development Department.  (ECF No. 39 at 2.)  Plaintiff was laid off on July 1, 2013.  (Id.)

[4]  The document request further states:

> The emails during this period may contain information relevant in these proceedings and are necessitated by disclosure by Defendant of an e-mail from Allet Williams (Defendant Witness) to Maria Castellanos (Defendant Witness) dated February 1, 2008, in which Plaintiff is mention in subject line and the body of the e-mail, and Ms. Williams states she has been in contact with Labor Relations and to "Please keep in mind that there is history with Anthony, what we do and how we do will be scrutinized, however we will deal with the problem."  Ms. Williams further adds "I have been cautioned to make certain what occurs is not retaliation or fallout from previous situations."  Finally, Ms. Williams concludes with "I am receiving guidance from Human Resources and Labor Relations."

(ECF No. 93-2 at 1.)

[5]  The order in part required the County to "specify those emails produced from what persons and from which County departments who/which have supplied emails pertinent to Request 1 thus far, in terms of each year, 2007- present, which were available for a search; the specification shall include a statement concerning the unavailability of potentially relevant emails for the years for

2

plaintiff's discrimination claims or job performance for the years 2007 to present." (Id. at 6.) In its opposition, defendant states it complied with that order and produced emails and the privilege log that is the subject of the current motion, on August 29, 2014.[6] Plaintiff seeks to compel production of many of the documents listed in the privilege log as attorney client or work product protected. He also seeks an order compelling defendant to identify "job titles, departments (including sub-departments) and date of hire of authors and recipients of e-mails listed in Defendant's privilege log."

DISCUSSION

      A.  Attorney-Client Privilege

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." U.S. v. Richey, 632 F.3d 559, 566 (9th Cir. 2011) (internal citations omitted). "Issues concerning application of the attorney-client privilege in the adjudication of federal law are governed by federal common law." U.S. v. Ruehle, 583 F.3d 600, 608 (9th Cir. 2009). "Under federal law, the attorney-client privilege is strictly construed." Id. at 609. The Ninth Circuit has set forth the elements of the attorney-client privilege: (1) where legal advice of any kind is sought (2) from a professional legal adviser in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser, (8) unless the protection be waived. Richey, 632 F.3d at 566. "The party asserting the attorney-client privilege has the burden of establishing the relationship and privileged nature of the communication." Id.; see also Ruehle, 583 F.3d at 609 (stating that the party asserting the privilege is "obliged by federal law to establish the privileged nature of the communications and, if necessary, to segregate the privileged information from the non-privileged information").

---

which the individual determined to delete "old" emails…" (ECF No. 99 at 6.)

[6] Defendant also objects to plaintiff's failure to comply with the meet and confer and joint statement requirements of E.D. Local Rule 251; however, for the sake of expediency, the court will rule on the matter based on the motion and opposition.

B. Work Product Doctrine

Fed. R. Civ. P. 26(b)(3) provides, in part, that:

> (A) Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if: (i) they are otherwise discoverable under Rule 26(b)(1); and (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Thus, "to qualify for protection against discovery under Rule 26(b)(3), documents must have two characteristics: (1) they must be prepared in anticipation of litigation or for trial and (2) they must be prepared by or for another party or by or for that other party's representative." In re Grand Jury Subpoena (Mark Torf/Torf Environmental Management) ("Torf"), 357 F.3d 900, 907 (9th Cir. 2004). The work product doctrine applies to investigators or agents working for attorneys provided that the documents were created in anticipation of litigation. Id. (citing United States v. Nobles, 422 U.S. 225, 239 (1975)).

The Ninth Circuit has held that "a document should be deemed prepared in anticipation of litigation and thus eligible for work product protection under Rule 26(b)(3) if in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation." Torf, 357 F.3d at 907. This standard "does not consider whether litigation was a primary or secondary motive behind the creation of a document. Rather, it considers the totality of the circumstances and affords protection when it can fairly be said that the document was created because of anticipated litigation and would not have been created in substantially similar form but for the prospect of that litigation." Id. at 908. "When there is a true independent purpose for creating a document, work product protection is less likely," but documents are entitled to such protection when, taking into account the facts surrounding their creation, "their litigation purpose so permeates any non-litigation purpose that the two purposes cannot be discretely separated from the factual nexus as a whole." Id. at 908-10.

/////

1    With respect to EEOC claims in particular, it is fairly well established that where counsel
2 is retained after discrimination charges are filed with the EEOC, in order to investigate those
3 charges, counsel (or counsel's delegate in the investigation) is not performing a business function
4 but rather preparing and advising his client in anticipation of future litigation. Lafate v. Vanguard
5 Group Inc., 2014 WL 5023406 *6 (E.D. Pa. 2014); Moore v. DAN Holdings. Inc., 2013 WL
6 1833557 *7 (M.D.N.C. 2013); Treat v. Tom Kelley Buick Pontiac GMC, Inc., 2009 WL
7 1543651, at *7 (N.D. Ind. Jun. 2, 2009). Any internal investigation done by counsel or other
8 agents of the corporation in anticipation of litigation will generally be covered by work product.
9 Id.
10   Nevertheless, because litigation might be anticipated whenever an incident occurs, there
11 must be a "substantial and significant threat of litigation" in order for work product immunity to
12 apply. Trujillo v. Board of Education of the Albuquerque Public Schools, 2007 WL 1306593, at
13 *6 (D. N. M. Mar. 12, 2007), (*quoting* Allen v. Chicago Transit Auth., 198 F.R.D. 495, 500 (N.D.
14 Ill. 2001). "[T]he primary motivating purpose behind the creation of a document must be to aid
15 in possible future litigation." Id.  But see Allen, 198 F.R.D. at 500 (not all internal EEOC
16 charges lead to litigation, but there must be an identifiable resolve to litigate). *Cf.* Adorno v. Port
17 Auth., 258 F.R.D. 217, 228 (S.D.N.Y. 2009) ("With the filing of [the] EEOC charge, the Port
18 Authority had reason to anticipate litigation and was under an obligation to 'put in place a
19 litigation hold' extending to email as well as paper documents relevant to the charge"); Farzan v.
20 Wells Fargo Bank, 2012 WL 6763570, at *2 (S.D.N.Y. Dec. 28, 2012) (documents created as
21 result of internal investigation commenced after employee filed EEOC charge and conducted
22 under supervision of counsel warranted work product protection); Moore v. Dan Holdings, Inc.,
23 supra (finding that when the entirety of events is considered, an investigation conducted by
24 plaintiff's employer after plaintiff filed an EEOC claim charging racial discrimination was done
25 with "an eye toward litigation" and therefore protected as work product).
26   C. Analysis
27   Plaintiff first concedes that emails claimed to be privileged which were created after
28 January 28, 2013 most likely meet the requirements of the attorney-client privilege or work

product protection.

The actors in regard to the emails and their positions are important to the analysis. As set forth by defendant, and undisputed by plaintiff, their names and positions are: Manuel Lopez, former County Administrator; John Solis, Director of the EEDD and plaintiff's superior; Cindy Clays, Human Resources ("HR") Director; Kathy Harris, Deputy Human Resources Director; Jennifer Goodman, Gary Hung, Laura Delgado, and Kristine Rubianes, all County employees. County Counsel's Office employees are attorneys David Wooten, Mark Myles, Kristen Hegge, Gilberto Gutierrez, and Kimberly Johnson. Assistants in the County Counsel's Office are Emogene Williams and Espy Valenzuela. Outside counsel for defendant are Velma Lim and Jamie Bossuat. Assistants to outside counsel are Terry Lao and Kathleen Courtland. The parties have broken out their arguments by date of email. Each email or grouping of emails will be addressed in turn.

5/8/07 – Email from Lopez to various individuals including County Counsel Wooten concerning anonymous complaint. According to defendant, plaintiff has admitted he authored the anonymous complaint.

Plaintiff argues only that it is relevant. He does not argue that the attorney client privilege does not apply or provide a reason why the privilege should be invaded.

11/1/07 – Email from an unidentified person to County Counsel regarding the anonymous complaint. According to defendant, it is unknown why the sender is blank; however, the content of the email relates to impressions of Kimberly Johnson, Deputy County Counsel, and pertains to the anonymous complaint as well as plaintiff's Rule 20 complaint.

As such, the email is work product. Plaintiff seems to concede as much by arguing that the email is dated after the time plaintiff told defendant's consultant that Solis engages in discrimination. Plaintiff makes no argument why work product immunity should not apply.

12/17/07 – Email chain from County Counsel Wooten to Human Resources directors.

Plaintiff states a bald conclusion that "[d]irections to engage in violations of the law are not covered by the privilege."

/////

> The attorney-client privilege does not extend to communications made to a lawyer to further a criminal purpose. When a lawyer's advice is sought to further a crime or fraud, those communications are not privileged. United States v. Zolin, 491 U.S. 554, 563, 109 S.Ct. 2619, 105 L.Ed.2d 469 (1989). The crime-fraud exception to the attorney-client privilege "assure[s] that the 'seal of secrecy' between lawyer and client does not extend to communications made for the purpose of getting advice for the commission of a fraud or crime." Id. (citations and internal quotation marks omitted).

U.S. v. Martin, 278 F.3d 988, 1001 (9th Cir. 2002).

Plaintiff has the burden of establishing the crime-fraud exception to the attorney-client privilege. See Martin, 278 F.3d at 1001. Plaintiff has not made a showing that the crime fraud exception to the attorney client privilege should apply in this case.

2/11/08 – Email chain from County HR directors to Deputy County Counsel regarding the anonymous complaint.

Plaintiff argues only that it is relevant because it was produced after another email from "Allet Williams to Marie Castellanos in which Williams states she is in contact with human resources and that the problem will be taken care of." Whether this email is connected to the email referenced by plaintiff is of no consequence. Plaintiff has not shown why the attorney-client privilege and/or work product immunity should be invaded.

2/24/08 – Email chain from County Counsel and HR directors to HR personnel.

Plaintiff argues only that these emails may or may not be relevant which is insufficient to overcome the claimed protections.

2/25/10 – Email chain from Deputy County Counsel Hegge to Deputy County Counsel Gutierrez regarding plaintiff's EEOC complaint.

Plaintiff claims that Gutierrez was a witness at his EEOC fact finding conference and therefore the evidence is material. Defendant insists that he was assigned to represent the County at this conference and was not a witness; however, defendant argues that even if he were a witness, this would not be a basis to invade the protections asserted. Defendant has filed a declaration stating that Gutierrez was present at the EEOC fact finding conference in his capacity as Deputy County Counsel and not as a witness. (Bossuat Decl., ¶ 4, ECF No. 107-1.) Without a legitimate basis to invade these protections, plaintiff's motion must be denied in this regard.

1  2/25/10 – Email chain from Solis to Deputy County Counsel Gutierrez and others.

2  Plaintiff argues that Solis is a witness and these emails are therefore relevant. Because the
3  email was sent to counsel for defendant, it is privileged, and plaintiff has not overcome that
4  privilege.

5  2/26/10 – Email chain regarding grievance, from Emogene Williams, an assistant in the
6  County Counsel's Office, to Deputy County Counsel Gutierrez.

7  Plaintiff asserts his suspicions that the author of the email is unknown, implying she may
8  not exist, because she has the same last name as witness Allet Williams, but has not been
9  identified as a witness by defendant. Plaintiff appears to have further suspicions as to the claimed
10  privilege in arguing that at the stage of the grievance process that was proceeding during this time
11  period, County Counsel should not have been involved yet.

12  Plaintiff has presented no facts to support his suspicions, and defendant's privilege log
13  lists Emogene Williams as an assistant in County Counsel's Office. Plaintiff has otherwise failed
14  to sustain an argument sufficient to overcome the attorney-client or work product protections.

15  3/22/10 – Three emails sent on this date are between County Counsel and Human
16  Resources.

17  In addition to arguing relevance, plaintiff contends that one of the recipients is Barbara
18  Tankersley, who is not listed as counsel or a County employee. He therefore claims that such
19  communications to a third party are not privileged.

20  Barbara Tankersley is or was an employee for defendant.
21  Http://transparentcalifornia.com/pensions/2012/san-joaquin-county-pension/barbara-tankersley/.
22  The request for these emails is therefore denied.

23  3/26/10 – Emails regarding EEOC complaint and "instructions from County Counsel for
24  preparation of case." The emails were sent to and from the HR Director to the deputy HR
25  director, and included Lopez, a County employee.

26  Plaintiff claims that because none of the authors or recipients is an attorney, these emails
27  are not protected. Even if the emails contain some information from an attorney, he asserts that
28  such information can be redacted. Defendant claims that all emails which did not involve

8

1  preparation to defend against plaintiff's claims before the EEOC were produced.

2  Based on the description of the emails, they are protected as work product.

3  4/14/10 – Email regarding EEOC complaint, from the HR Director to Gutierrez, a member
4  of the County Counsel's Office.

5  Plaintiff continues to insist that Gutierrez is a witness, but according to the Bossuat
6  declaration, he is in fact involved only as counsel.  In regard to plaintiff's prediction that this
7  email is "likely a 'job well done response'" plaintiff has provided nothing but conjecture.
8  Plaintiff has provided no legitimate reason why the attorney client privilege does not apply here.

9  9/26/11 – Email chain from Emogene Williams, assistant to County Counsel, to Deputy
10  County Counsel and County employees concerning EEOC complaint.

11  Plaintiff contends that as stated earlier, Emogene Williams is a new name and only
12  appears in the privilege log.  He also states, "1.  It's a chain of e-mails with no discernible
13  identification of WHEN the chain began. 2. Two of the recipients are non-Attorneys and thus may
14  be employed in departments that Allet Williams stated where [sic] her contacts."

15  Plaintiff has provided no legitimate reason to overturn the claimed protections.

16  9/27/11 – Email chain of correspondence between Solis, Human Resources, County
17  employee Aguilera, and County Counsel.

18  Plaintiff claims that these emails involve several witnesses, including Gutierrez, Solis,
19  Harris, and Aguilera.  Plaintiff describes who Aguilera is:

20  
> Aguilera is the husband of an individual who sent a client to an employer of mine without first insuring that the client was properly enrolled.  When the client filed an unfair labor claim against the Defendant, Gutierrez was the individual who sought Plaintiff co-operation in defeating the claim.  Aguilera is also the brother of Fran Aguilera, the individual who wrote the e-mail targeting Plaintiff for "special evaluation."  Finally, as noted in Plaintiff's deposition, Rick Aguilera is the person Solis stated was the person whom Solis said "crunched the numbers" when Solis notified Plaintiff of his termination.

26  (ECF No. 104 at 4-5.)

27  Plaintiff does not make any argument why the emails should be disclosed in light of these
28  facts.  According to defendant, all of Aguilera's non-privileged emails have been produced.

9

Therefore, these emails need not be produced.

9/28/11 – There are eight entries for this date, all pertaining to email chains regarding EEOC complaints and instructions from County Counsel for preparation of case. Email participants are all County employees, according to defendant. No attorneys are listed as senders or recipients.

Plaintiff argues that because no attorneys are listed, the attorney-client privilege may not be claimed. He also asserts that if the emails would reveal an attorney's thoughts or impressions, they could be redacted. He additionally claims that all of these non-attorneys are witnesses who may be called. He also speculates that if the emails reveal that an attorney engaged in or facilitated illegal activities, the emails are not protected.

Plaintiff has provided no information from which the court could conclude that the crime fraud exception would apply. The standard is not whether an email might reveal such, but rather whether plaintiff has an articulable reason to believe a crime or fraud has occurred, and he has provided no such reason.

Based on the subject matter of these emails, it is clear that the attorney-client privilege and work product protection would apply, despite the fact that the direct sender of the email is not an attorney. Clearly, the content of the emails indicates that County Counsel provided legal advice/direction.

9/29/11 – Email chain concerning EEOC complaint, from Deputy County Counsel Gutierrez to HR.

Plaintiff claims that since Gutierrez is a witness in the case, and testified at the EEOC fact finding conference, the privileges do not apply. Plaintiff has provided no reason for his belief that Gutierrez is a witness in this case, and defendant's declaration disputes it.

10/6/11 – This series of nine entries in the privilege log concern the EEOC complaint, and were either sent by Emogene Williams, an assistant in the County Counsel's Office, to Solis, HR, County Counsel, and Goodman, or by John Solis to these recipients.

Plaintiff claims that both Solis and Gutierrez are witnesses, and that Emogene Williams is a "newly revealed witness." Plaintiff further argues that because the emails include numerous

recipients who are not attorneys, they "could not be for the purpose of a client seeking the advice of an attorney."

Plaintiff is mistaken. The attorney-client privilege can cover advice and the receipt of advice from an attorney to a client which may consist of numerous individuals who comprise the "client." See U.S. v. Graf, 610 F.3d 1148, 1159 (9th Cir. 2010) (noting that "[a]s fictitious entities, corporations can seek and receive legal advice and communicate with counsel only through individuals empowered to act on behalf of the corporation," for purposes of claiming the privilege, (*quoting* Admiral Ins. Co. v. U.S. Dist. Court, 881 F.2d 1486, 1492 (9th Cir. 1989)). Where a corporation is the client, the attorney-client privilege applies to communications with any employee when the communications concern subject matter in the scope of the employee's duties and the employee is aware that the information is being furnished to enable the attorney to provide legal advice to the corporation. Admiral Ins. Co., 881 F.2d at 1492, (*citing* Upjohn v. United States, 449 U.S. 383, 394, 101 S. Ct. 677, 685, 66 L.Ed.2d 584 (1981)).

Here, all individuals in the emails who are not attorneys are employees of the County, which is the client, and are therefore included as agents of the client.

10/17/11 and 11/8/11 – Emails between Emogene Williams and Gutierrez.

Plaintiff continues to insist that Gutierrez was a witness at the EEOC fact finding conference and therefore his communications are not privileged.

Plaintiff's request for these emails is denied for the reasons stated above.

1/17/12 through 3/29/12 – Emails regarding EEOC complaints and civil action.

Plaintiff requests those emails which reflect one non-attorney sender and one non-attorney recipient, as there is no way a non-attorney would be seeking legal advice from another non-attorney. He also requests emails which include Deputy County Counsel Gutierrez, whom he has deemed a witness.

Communications between non-attorneys may include content that is for the purpose of legal advice, or which reflect the attorney's mental impressions. See Zurich American Ins. Co. v. Superior Court, 155 Cal. App.4th 1485, 1501, 66 Cal. Rptr.3d 833 (2007) (holding that under California law, communications between non-attorneys within a corporation to obtain or relay

11

1  legal advice are protected by the attorney-client privilege).  See also <u>U.S. v. Chevron Texaco
2  Corp.</u>, 241 F.Supp.2d 1065, 1077 (N.D. Cal. 2002) (acknowledging that communications between
3  nonlegal employees wherein they transmit legal advice given by counsel are protected as
4  privileged communications, as are communications between such employees wherein they
5  discuss an intent to seek legal advice).  Because the subject matter of all these emails is listed as
6  "EEOC complaints," with a couple of them referring to "civil action," their content would include
7  legal advice and/or mental impressions.  Production of these emails will not be compelled.

8      6/4/12 through 7/16/12 – Email chains regarding EEOC complaints.

9      Plaintiff contends that these "emails are likely generated in response to the then upcoming
10  EEOC Fact Finding Conference."  He adds a request that the court hold any decision on these
11  emails in abeyance until he has had the opportunity to "develop additional information."

12      Plaintiff has failed to meet his burden to show why these emails should nevertheless not
13  be protected as work product or under the attorney-client privilege.

14      Discovery cutoff in this case was April 24, 2014.  (ECF. No. 49.)  Only discovery relating
15  to plaintiff's previous motion to compel, which includes the emails at issue in this motion, was
16  permitted beyond that date.  (ECF No. 68.)  Discovery in this case has now continued on almost
17  six months longer than it should have.  Plaintiff will not be permitted to file further motions
18  pertaining to this or any other discovery.

19  <u>CONCLUSION</u>

20      Accordingly, IT IS ORDERED that:  Plaintiff's motion to compel disclosure of privileged
21  documents, filed September 15, 2014, (ECF No. 104), is denied.  The discovery period is now
22  officially closed.  Any future motions concerning discovery will be disregarded.

23  Dated: October 28, 2014

24                         /s/ Gregory G. Hollows
25                    UNITED STATES MAGISTRATE JUDGE

28  GGH:076/Robinson2783.prv-log(2)

12