UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. ROBINSON,<br><br>    Plaintiff,<br><br>    v.<br><br>COUNTY OF SAN JOAQUIN,<br><br>    Defendant. | No. 2:12-cv-2783 MCE GGH PS<br><br><br><br>ORDER |

    On January 13, 2015, plaintiff sent an email to the court renewing his request for appointment of counsel. It appears that defense counsel was copied on that email.

    Plaintiff is informed that all documents concerning his case must be filed and served in paper as provided in the Local Rules. See E.D. Local Rule 133. Plaintiff's current request will be addressed only because defendant had notice of it; however, plaintiff is warned that all correspondence must be filed in paper with the Clerk's Office. Future emails will be disregarded.

    Plaintiff has renewed his request for appointment of counsel based on his contact with an attorney who showed interest in his case. Any successful application for appointment of counsel must comply with criteria set forth in Bradshaw v. Zoological Society of San Diego, 662 F.2d 1301 (9th Cir. 1981). Before appointing counsel to plaintiff, the Ninth Circuit's decision in Bradshaw requires the court to consider (1) plaintiff's financial resources, (2) the efforts already made by plaintiff to secure counsel, and (3) plaintiff's likelihood of success on the merits. Id. at 1318. Appointment of counsel is not a matter of right. See Ivey v. Board of Regents, 673 F. 2d

1

266 (9th Cir. 1982).

This action was filed over two years ago. The case has been delayed numerous times for various reasons. Discovery and law and motion deadlines have been extended pursuant to plaintiff's request, and plaintiff has had numerous opportunities to pursue some of his discovery motions after the cutoff. (ECF Nos. 46, 49, 64. 68, 103.) The law and motion deadline passed on May 22, 2014; however, the court permitted plaintiff to file a supplemental opposition after that time. (ECF Nos. 49, 102.) This case was also delayed for almost two months while the court considered plaintiff's first request for appointment of counsel, and attempted to locate counsel for him, without success. (ECF Nos. 71, 75, 77, 86.) In all thirteen attorneys were contacted by the court. (ECF No. 86.) The undersigned envisions no difference in the outcome if plaintiff's renewed request were granted, especially in light of the fact that the previous attorneys contacted were made aware of the court's attempts to appoint counsel.

Plaintiff's renewed request has all the earmarks of further delay in reaching a conclusion in this case, and going back to square one. Added delay is unfair to defendant. This order in no way prevents plaintiff from retaining counsel on his own. Nevertheless, this action will be delayed no more.

Accordingly, IT IS ORDERED that:

1. The Clerk of the Court shall file plaintiff's January 13, 2015 email in this action under seal.[1]

2. Plaintiff's renewed motion to appoint counsel, filed January 13, 2015, is denied.

3. All future emails in this case will be disregarded.

Dated: January 18, 2015

/s/ Gregory G. Hollows

UNITED STATES MAGISTRATE JUDGE

GGH:076/Robinson2783.appt(2)

---

[1] The email contains court email addresses for specific employees.

2