UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. ROBINSON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOAQUIN COUNTY,<br><br>　　　　　Defendant. | No. 2:12-cv-02783-MCE-GGH<br><br><br><br>ORDER |

Plaintiff's Motion to Compel Discovery, ECF No. 139, was heard on this courts December 7, 2017 calendar. Plaintiff appeared in pro se; defendant was represented by attorney Jamie Bossuat. Plaintiff has not, however, provided the information required to permit this court to address that motion.

With regard to discovery motions, the court discussed the applicable Local Rule in this District, Rule 251,[1] which lays out the procedure that must be followed to perfect such a motion. It reads as follows:[2]

////

////

---

[1] The Local Rules of the district may be viewed on-line at www.caed.uscourts.gov/EDCA, or may be acquired in hard copy at the Office of the Clerk of the Court located at 501 "I" Street. Sacramento 95814.

[2] Plaintiff is advised that the entirety of the Local Rules is available

1

MOTIONS DEALING WITH DISCOVERY MATTERS

(a)  Hearing Regarding Discovery Disagreements. Except as provided 1(e), a hearing of a motion pursuant to Fed. R. Riv. P. 27 through 37 and 45, . . . may be had by the filling and service of a motion and motion scheduling the hearing date on the appropriate calendar at least twenty-one (21) days from the ate of filing and service. No other documents need be filed at this time. The hearing may be dropped from the calendar without prejudice if the Joint Statement re Discovery Disagreement or an affidavit as set forth below is not filed at least seven (7) days before the scheduled hearing date. If the notice of motion and motion are filed concurrently with the Joint Statement, the motion shall be placed on the next regularly scheduled calendar for the Magistrate Judge or Judge hearing the motion at least seven (7) days thereafter.

(b)  Except as hereinafter set forth, a motion made pursuant to Fed. R. Civ. P. 27 through 37 and 45 . . . shall not be hear unless (1) the parties have conferred and attempted to resolve their differences, and (2) the parties have set forth their difference and the bases therefor in a Joint Statement re Discovery Disagreement. Counsel for all interested parties shall confer in advance of the filing of the motion or in advance of the hearing of the motion in a good faith effort to resolve the differences that are the subject of the motion. Counsel for the moving party or prospective moving party shall be responsible for arranging the conference which shall be held at a time and place and in a manner mutually convenient to counsel.

(c)  If the moving party is still dissatisfied after the conference of counsel, that party shall raft and file a document entitled "Joint Statement re Discovery Disagreement." All parties who are concerned with the discovery motion shall assist in the preparation of and shall sign, the Joint Statement which shall specify with particularity the following matters:

   (1)  The details of the conference or conferences;
   (2)  A statement of the nature of the action and its factual disputes insofar as they are pertinent to the matters to be decided and the issues to be determined at the hearing; and
   (3)  The contentions of each part as to each contested issue, including a memorandum of each party's respective arguments concerning the issues in dispute and the legal authorities in support thereof.

Each specific interrogatory, deposition question or other item objected to, or concerning which a protective order is sought, and the objection thereto shall be reproduced in full. The respective arguments and supporting authorities of the parties shall be set forth immediately following each such objection. When an objection is raised to a number of items or a general protective order is sought that is related to a number of specific items, the arguments and briefing need not be repeated. If a protective order is sought that is unrelated to specific individual items, repetition of the original discovery document is not required. All arguments and briefing that would otherwise be included in a memorandum of point and authorities supporting or opposing the motion shall be included in this joint statement, and no separate briefing shall be filed

(d) If counsel for the moving party is unable, after a good faith effort, to secure the cooperation of counsel for the opposing party in arranging the required conference or in preparing and executing the required joint statement, counsel for the moving party ay file and serve an affidavit so stating, setting forth the nature and extent of counsels efforts to arrange the required conference or procure the required joint statement the opposing counsels responses or refusals to respond to those efforts, the issues to be determined at the hearing and the moving party's contentions with regard to the issues including any briefing in respect thereto. Refusal of any counsel to participate in a discovery conference or refusal without good cause to execute the required joint statement, shall be grounds, in the discretion of the court for entry of a order adverse to the party represented by counsel so refusing or averse to counsel.

(e) The foregoing requirement for a Joint Statement re Discovery Disagreement shall not apply to the following situations: (1) when there has been a complete and total failure to respond to a discovery request or order, or (2) when the only relief sought by the motion is the imposition of sanctions. In either instance the aggrieved party may bring a motion for relief for hearing on fourteen (14) days notice. The responding party shall file a response thereto not later than seven (7) days before the hearing date. The moving party ay file and serve a reply thereto not less than two (2) court days before the hearing date. LR 135.

Plaintiff's Motion merely states that he wishes the court to require defendants to provide him with emails that cover several different time spans. The court stated that there is a single narrow issue to be litigated based on the Ninth Circuit opinion, and that involves only the 2009 allegedly pretextual performance review. Thus, plaintiff is no longer entitled to see documents beyond the 2009 timeframe.

Plaintiff expressed his concern about the privilege log he had received in response to his last discovery which he believed was overexpansive. The court stated that defendants were entitled to allege protection under the attorney client privilege and the work product doctrine, but that, if necessary, he would be prepared to examine withheld documents *in camera* to assess the propriety of the withholding on these grounds. Defense counsel expressed her understanding that there were no documents generated in the 2009 timeframe withheld on privilege grounds.

As to the meet and confer provisions of the Local Rules the plaintiff was notified that absent a meaningful a meet and confer there can be no hearing insofar as such a meeting may well have resolve any need for a motion. The court also encouraged the parties to discuss the possibility of settlement once the discovery was completed in light of the narrow issue that is involved here. If the parties wish the court can appoint a settlement judge to assist them.

In light of the foregoing, IT IS HEREBY ORDERED that:

1. The Plaintiff's Motion to Compel is DENIED but may reserve in conformity with the instructions in this Order;

2. Any further discovery propounded by plaintiff will be limited to the 2009 timeframe discussed;

3. This discovery must be completed, as that term is defined in the Scheduling Order found at ECF No. 138, no later than April 5, 2018.

**IT IS SO ORDERED.**

Dated: December 13, 2017

<u>/s/ Gregory G. Hollows</u>
UNITED STATES MAGISTRATE JUDGE