UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>SAN JOAQUIN COUNTY EMPLOYMENT AND ECONOMIC DEVELOPMENT DEPARTMENT and JOHN SOLIS,<br><br>Defendants. | No. 2:12-cv-02783-MCE-GGH PS<br><br>**ORDER** |

Plaintiff in the above matter moves for reconsideration of the Magistrate Judge's December 13, 2017 Order denying Plaintiff's Motion to Compel Discovery. Mot., ECF No. 151; Order, ECF No. 146; Disco. Mot., ECF No. 139. Plaintiff moves under Federal Rule of Civil Procedure 60(b), which provides for reconsideration of a final judgment if the motion is brought more than twenty-eight days after the entry of final judgment. Plaintiff correctly cites the standard for review under Rule 60(b), however, Rule 60(b) does not apply here because Plaintiff is not requesting review of a final judgment, but of the Magistrate Judge's ruling on a discovery motion. The Court will therefore construe Plaintiff's Motion as one seeking review of that ruling and, pursuant to the Eastern District of California's Local Rule 72-303(f), will review the Magistrate Judge's ruling

1

under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, Plaintiff's Motion is DENIED.

The December 13, 2017 Order denied Plaintiff's request for access to multiple emails that spanned various time periods. As explained in that Order, however, Plaintiff's case has been limited on remand from the Ninth Circuit to a single narrow issue involving a 2009 allegedly pretextual performance review. Because of the narrow issue remaining in this case, the Magistrate Judge reasonably determined that Plaintiff is not entitled to documents beyond that 2009 timeframe. Order at 3.

Specifically, it appears Plaintiff seeks access to five allegedly privileged emails from 2010 and 2011, and takes issue with the claimed privilege. Because those emails fall outside of the 2009 timeframe, however, the Court need not consider the merits of the claimed privilege, nor is the Court in a position to review those documents in camera to determine if the privilege claim is justified. Rather, this Court's review is limited to a review of the December 13, 2017 ruling (1) denying Plaintiff's Motion to Compel but reserving "in conformity with the instructions of [that] Order"; and (2) limiting discovery to the 2009 timeframe.

To the extent Plaintiff seeks an in camera review of documents from 2009 that are claimed to be privileged, the Motion is denied as moot because the Magistrate Judge's Order does not foreclose such a review by the Magistrate Judge and a motion for reconsideration is therefore not appropriate. Nonetheless, inasmuch as Plaintiff seeks reconsideration of the December 13, 2017 ruling that limited discovery to the 2009 timeframe, Plaintiff's Motion is DENIED because the ruling is not "clearly erroneous or contrary to law."

IT IS SO ORDERED.

Dated: August 24, 2018

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE