UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY W. ROBINSON,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN, et al.,<br><br>Defendants. | No. 2:12-cv-02783-CKD PS<br><br><br><br>ORDER |

The parties have filed motions in limine. Good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion in limine (ECF No. 197) is DENIED in its entirety.

    a. Plaintiff moves to eliminate or prevent the testimony of Allet Williams because the witness does not have personal knowledge of plaintiff's 2009 evaluation. (ECF No. 197 at 1.) However, defendant proffers the testimony of this witness on relevant issues she has personal knowledge of, such as her time as plaintiff's supervisor and her knowledge of departmental policies of the Employment Development Department ("EEDD"). (ECF No. 212 at 2.)

    The testimony of Allet Williams is NOT EXCLUDED.

    b. Plaintiff moves to eliminate or prevent the testimony of Marie Castellanos because the witness does not have personal knowledge of plaintiff's 2009 evaluation. (ECF No. 197 at 1.) However, defendant proffers the testimony of this witness on relevant issues she has

1 | personal knowledge of, such as the job duties of job developers at EEDD and the expectations
2 | that were conveyed to employees during the review period in question. (ECF No. 212 at 2-3.)
3 | The testimony of Marie Castellanos is NOT EXCLUDED.
4 | c. To eliminate or prevent the testimony of Hector Quintero because the witnesses
5 | does not have personal knowledge of plaintiff's 2009 evaluation. (ECF No. 197 at 1.) However,
6 | defendant proffers the testimony of this witness on relevant issues he has personal knowledge of,
7 | such as EEDD expectations, job developer job duties, and his specific assignment during the
8 | review period as a job developer in Lodi. (ECF No. 212 at 4.)
9 | The testimony of Hector Quintero is NOT EXCLUDED.
10 | d. Plaintiff moves to limit the testimony of defense witnesses Lorraine Thompson
11 | and Chuck Self to specific topics. (ECF No. 197 at 2-3.) Witnesses may testify to any issue that
12 | is relevant and not otherwise barred by the rules of evidence. Other then indicating a preference
13 | for what topics each witness may testify about, plaintiff has provided no legitimate reason to limit
14 | the testimony of either witness.
15 | The testimony of Lorraine Thompson and Chuck Self is NOT LIMITED.
16 | e. Plaintiff moves to exclude defense exhibits G, H, I, J, L, M, N, R, S, T, and BB
17 | because their prejudicial value would allegedly outweigh their probative value under Federal Rule
18 | of Evidence Rules 401 and presumably Rule 403. (ECF No. 197 at 3.) The only analysis
19 | provided by plaintiff is that each of these exhibits "will confuse and mislead the jury into
20 | concluding that while the events and circumstances surround[ing] the 2009 evaluation were
21 | discriminatory[,] Defen[dant's] subsequent non discriminatory behavior means the act of
22 | discrimination is o.k. or harmless." (Id.) A review of these exhibits demonstrates that each is
23 | highly probative to the questions at issue in this trial. The exhibits include documentation
24 | regarding the basis of the performance review, plaintiff's subsequent performance, and whether
25 | the 2009 performance review was an adverse employment action. Moreover, the court notes that
26 | not all prejudicial evidence is barred, only evidence that is unfairly prejudicial. See Fed. R. Evid.
27 | 403. Even assuming that this evidence may not support plaintiff's claims, there is no indication
28 | that any of these exhibits are *unfairly* prejudicial.

Defense exhibits G, H, I, J, L, M, N, R, S, T, and BB are NOT EXCLUDED.

f. Plaintiff moves to exclude defense exhibit O because he claims that he did not previously receive it. (ECF No. 197 at 3.) Defendant affirms that this exhibit was provided as part of its initial disclosures and that at no point in the past did plaintiff allege that any pages were missing from defendant's document production. (ECF No. 212 at 6.) There is no basis for exclusion.

Defense exhibit O is NOT EXCLUDED.

g. Plaintiff moves to exclude any references to him having notice by "Checkbook." (ECF No. 197 at 4.) Plaintiff assert that he "was told about Checkbook in January 2009," and that it would mislead the jury to allow defendant to refer to Checkbook because "it would permit the jury to conclude Plaintiff had the skills of Nostradamus and predict in January 2009 that 'checkbook' was notice of a future evaluation." (Id.) Plaintiff fails to demonstrate how evidence of Checkbook will confuse the jury. Defendant proffers that it will show that "[e]ach job developer had a 'checkbook' of funds that they were to spend." (ECF No. 212 at 7.) Moreover, as defendant points out, plaintiff "admits that he had notice of the expectation regarding checkbooks in January 2009, just two months into the twelve-month review period." (Id.) This information is highly probative as to the basis for the performance review and whether plaintiff was on notice of EEDD's job expectations for him.

Evidence regarding the EEDD "Checkbook" is NOT EXCLUDED.

h. Plaintiff moves to exclude "any reference to OJT and EEDD funding." (ECF No. 197 at 4.) According to plaintiff, "Defendant provided no evidence of a relationship between funding and OJT contracts. Any assertion of that fact is designed to mislead the Jury to concluding that Defendant was justified in basing an evaluation on OJT numbers." (ECF No. 197.) Defendant proffers that John Solis can support this assertion with testimony, as outlined in his declaration in support of the County's previous motion for summary judgment. (ECF No. 212 at 7.) To the extent that there is a disputed issue of fact, it will be up to the jury to decide whether the testimony of John Solis is credible. Plaintiff's argument does not set forth any proper reason to exclude such testimony or evidence from the jury.

3

1 | Evidence regarding OJT and EEDD funding is NOT EXCLUDED.

2. Defendant's first motion in limine (ECF No. 192) to preclude evidence relating to plaintiff's layoff and subsequent applications is GRANTED IN PART AND DENIED IN PART.

    a. As defendant points out, evidence concerning plaintiff's layoff is not relevant to the issues at hand. See Fed. R. Evid. 401. It has been summarily adjudicated, and affirmed by the Ninth Circuit, that plaintiff "failed to raise a a genuine dispute of material fact as to whether [defendant's] legitimate, non-discriminatory reasons for laying him off were pretextual." (ECF No. 130 at 2.) Plaintiff may not assert that his 2011 layoff was a result of the 2009 performance review. Accordingly, the 2011 layoff is clearly not relevant to plaintiff's claims and damages.

**Evidence relating to plaintiff's 2011 layoff is EXCLUDED except to the extent necessary to inform the jury that plaintiff is no longer employed by the County of San Joaquin due to a 2011 layoff that is not at issue in this case.**

    b. Plaintiff apparently proffers his post-layoff applications as evidence of his damages. Notwithstanding defendant's arguments, whether or not plaintiff will be able to prove damages from the evidence he has proffered goes to the sufficiency of such evidence and not its relevance. Further, the court finds that this information would not needlessly confuse the jury.

Evidence regarding plaintiff's post layoff applications is NOT EXCLUDED.

3. Defendant's second motion in limine (ECF No. 193) to preclude evidence relating to other complaints of discriminatory and/or retaliatory actions is GRANTED.

Defendant moves to exclude evidence of plaintiff's 2003 complaint regarding not receiving the rapid response supervisor position and plaintiff's 2007 complaint regarding Maria Castellanos. (ECF No. 193.) Defendant argues that these complaints are not relevant under Rule 401 and that the evidence is prejudicial, confusing and a waste of time under Rule 403. (Id. at 4-5.) Defendant points out that each of these complaints involved different supervisors and different subject matter from the 2009 performance review at issue. (Id. at 5.) Additionally, defendant asserts that admitting evidence about these complaints "will allow plaintiff to create a prejudicial impression that there were ongoing discriminatory acts against him throughout his employment. This will lead to a 'mini trial' on each of these issues since the County will have to

introduce evidence relating to each of these complaints in order to establish that no discrimination occurred." (ECF No. 193 at 5.)

Plaintiff counters that these complaints were of discrimination that was ongoing until plaintiff's 2011 termination and are relevant to provide "context to the issue remaining before the Court, to wit: The only individual to receive a negative performance review is also the same individual who made complaints of discrimination against the Defendant." (ECF No. 202 at 2.)

The court already decided that the 2011 layoff was for legitimate reasons and that plaintiff "failed to raise a genuine dispute of material fact as to whether there was a causal link between his protected activity [i.e., complaints] and the 2009 performance review," which the Ninth Circuit affirmed on appeal. (ECF No. 130 at 2.) As a result, the fact that plaintiff made complaints in 2003 and 2007 has no bearing on the only remaining issues—whether the 2009 performance review was based upon racial discrimination and constitutes an adverse employment action. Furthermore, to allow plaintiff to introduce evidence of these past complaints would only confuse the issues before the jury and unfairly prejudice defendant.

**Evidence relating to plaintiff's prior complaints of discriminatory and/or retaliatory actions is EXCLUDED**.

4. Defendant's third motion in limine (ECF No. 194) to preclude introduction of briefings and arguments of counsel is DENIED WITHOUT PREJUDICE. The court reserves judgment on this matter unless and until plaintiff seeks to admit such evidence.

5. Defendant's fourth motion in limine (ECF No. 195) to preclude evidence relating to performance standards during time periods other than the time period for plaintiff's 2009 performance evaluation is GRANTED.

Defendant moves to exclude any evidence regarding performance standards in 2004 and 2007, as not relevant under Rule 401 and as prejudicial, confusing, and a waste of time under Rule 403. (ECF No. 195 at 4-5.) Plaintiff asserts that this information is "direct evidence of a pattern of conduct undertook towards Plaintiff" as it relates to unfair labor practices and providing additional resources to plaintiff's peers, but not plaintiff. (ECF No. 202 at 3.)

////

5

As with plaintiff's prior complaints, the performance standards prior to the relevant period have no bearing on the only remaining issues—whether the 2009 performance review was based upon racial discrimination and constitutes an adverse employment action. Additionally, to allow plaintiff to introduce evidence of these prior performance standards as evidence of alleged prior bad acts by defendant would only confuse the issues before the jury and unfairly prejudice defendant.

**Evidence relating to performance standards during time periods other than the time period for plaintiff's 2009 performance evaluation is EXCLUDED**.

6. Defendant's fifth motion in limine (ECF No. 196) to preclude testimony from Gilbert Gutierrez, former Deputy County Counsel for San Joaquin County is GRANTED.

Defendant persuasively moves to exclude the testimony of Mr. Gutierrez as not relevant under Rule 401 and as a waste of time under Rule 403. (ECF No. 196 at 3-5.) Importantly, defendant assert that

> Mr. Gutierrez was not a percipient witness to Mr. Robinson's 2009 performance evaluation and he has no personal knowledge of the events. Outside of his role as counsel for the County, he did not make any statements regarding Mr. Robinson's performance evaluation. Mr. Gutierrez's arguments made on behalf of the County in both writing and orally at the EEOC fact-finding conference do not constitute evidence. Ninth Circuit Model Jury Instruction No. 1.10. Any discussions that Mr. Gutierrez had with other witnesses in the case are protected by the attorney-client privilege.

(ECF No. 196 at 3-4.)

Plaintiff counters that the letter sent from Mr. Gutierrez to the EEOC includes a different explanation of the reasoning behind the 2009 performance evaluation than what defendant has offered in this case, and that such inconsistency serves as a basis to call Mr. Gutierrez. (ECF No. 202 at 3.)

Plaintiff's argument is not persuasive. The only reason plaintiff provides to call Mr. Gutierrez is to admit his April 14, 2010 letter to the EEOC. (196-1 at 11-23; Plaintiff's Trial Exhibit 6). However, plaintiff need not necessarily call Mr. Gutierrez in order to admit this letter or to use it for impeachment purposes. For example, "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient

to support a finding that the item is what the proponent claims it is" which can be achieved by "[t]estimony that an item is what it is claimed to be" by a witness with knowledge of the item of evidence. Fed. R. Evid. 901(a)-(b)(1). Mr. Gutierrez lacks any personal knowledge of the actual basis of the 2009 performance review. Moreover, Mr. Gutierrez's discussions with defendant's employees related to the issues are otherwise protected by attorney client privilege.

**Mr. Gutierrez WILL NOT BE ALLOWED TO TESTIFY**.

WHEREFORE, in summary, the court rules as follows:

1. Plaintiff's Motions in Limine (ECF No. 197) are **DENIED.**

2. Defendant's Motions in Limine are **GRANTED IN PART and DENIED IN PART,** as follows**:**

    A. Defendant's first Motion in Limine (ECF No. 192) to preclude evidence relating to plaintiff's layoff is **GRANTED IN PART** such that evidence relating to plaintiff's 2011 layoff is excluded except to the extent necessary to inform the jury that plaintiff is no longer employed by the County of San Joaquin due to a 2011 layoff that is not at issue in this case. Defendant's Motion in Limine to exclude evidence regarding plaintiff's post layoff applications is **DENIED**.

    B. Defendant's second Motion in Limine (ECF No. 193) to preclude evidence relating to other complaints of discriminatory and/or retaliatory actions is **GRANTED**. Evidence relating to plaintiff's prior complaints of discriminatory and/or retaliatory actions WILL NOT BE ADMITTED.

    C**.** Defendant's third Motion in Limine (ECF No. 194) to preclude introduction of briefings and arguments of counsel is **DENIED WITHOUT PREJUDICE**. The court reserves judgment on this matter unless and until plaintiff seeks to admit such evidence.

    D**.** Defendant's fourth Motion in Limine (ECF No. 195) to preclude evidence relating to performance standards during time periods other than the time period for plaintiff's 2009 performance evaluation is **GRANTED**. Evidence relating to performance standards during time periods other than the time period for plaintiff's 2009 performance

7

evaluation WILL NOT BE ADMITTED.

      E.    Defendant's fifth Motion in Limine (ECF No. 196) to preclude testimony from Gilbert Gutierrez, former Deputy County Counsel for San Joaquin County is **GRANTED.** Mr. Gutierrez WILL NOT BE ALLOWED TO TESTIFY.

IT IS SO ORDERED.

Dated: June 5, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

14/robinson2783.motlimine