| | |
|---|---|
| 1 | KROLOFF, BELCHER, SMART, PERRY & CHRISTOPHERSON |
| 2 | A Professional Law Corporation |
| 3 | VELMA K. LIM, SBN 111006<br>JAMIE M BOSSUAT, SBN 267458 |
| 4 | 7540 Shoreline Drive<br>Stockton, CA 95219 |
| 5 | Phone: (209) 478-2000<br>Facsimile: (209) 478-0354 |
| 6 | Email: vlim@kroloff.com<br>         jbossuat@kroloff.com |
| 7 | Attorneys for Defendant |
| 8 | COUNTY OF SAN JOAQUIN, *sued erroneously as* SAN JOAQUIN COUNTY |
| 9 | EMPLOYMENT AND ECONOMIC DEVELOPMENT DEPARTMENT |

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO BRANCH

| | |
|---|---|
| ANTHONY W. ROBINSON,<br><br>Plaintiff,<br><br>vs.<br><br>SAN JOAQUIN COUNTY EMPLOYMENT AND ECONOMIC DEVELOPMENT DEPARTMENT AND JOHN SOLIS,<br><br>Defendants. | CASE NO. **2:12-CV-02783 CKD**<br><br>**NOTICE OF MOTION AND MOTION TO ADD WITNESS STEPHANIE MACDONALD TO THE DEFENDANT'S WITNESS LIST**<br><br>Trial Date: June 10, 2019<br>Courtroom: 24<br>Magistrate Judge: Hon. Carolyn K. Delaney |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendant County of San Joaquin will and hereby does move this Court for an order allowing it to add witness Stephanie MacDonald to its witness list and to call Ms. MacDonald in its case in chief. This Motion is based upon the fact that Defendant has only recently learned that Plaintiff intends to argue that he was not selected for

a position in 2012 because the individuals who interviewed him for the 2012 position reveiwed his December 18, 2009 performance evaluation.

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, and the Declaration of Jamie M. Bossuat submitted herewith.

Dated: June 7, 2019

KROLOFF, BELCHER, SMART,
PERRY & CHRISTOPHERSON
A Professional Law Corporation


By: */s/ Jamie M. Bossuat*
JAMIE M. BOSSUAT
Attorneys for Defendant
COUNTY OF SAN JOAQUIN

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The Court's Pretrial Order (Doc 191) establishes several circumstances in which the Court will allow the addition of a witness. One basis is if "the party offering the witness demonstrates that the witness is for the purpose of rebutting evidence that could not reasonably be anticipated at the pretrial conference." Pretrial Order, p. 5.

Defendant now seeks to add a new witness to rebut a new theory that Plaintiff developed and presented after the parties had submitted witness lists. Plaintiff, at the Pretrial Conference, argued for the first time that he was not selected for a job with the County in 2012 because the interviewers for that position reviewed his unsatisfactory 2009 performance evaluation. Declaration of Jamie M. Bossuat ("Bossuat Dec."), ¶ 2. Plaintiff conveyed this new theory to counsel for defendant during the Pretrial Conference while the parties were meeting and conferring on which documents Plaintiff intended to offer as exhibits. Bossuat Dec., ¶ 2. Plaintiff's Exhibit 53 is an Information Release Form that identifies that three individuals from the County's Human Services Agency reviewed Plaintiff's personnel file on October 31, 2012. Exhibit A to Bossuat Dec. Exhibit 35 was produced as part of the County's Rule 26 disclosures as part of Plaintiff's personnel file. Bossuat Dec., ¶ 3. Early in the case, discovery encompassed Plaintiff's 2011 layoff and the County's layoff mitigation procedures,

including Plaintiff's post-layoff applications and interviews. *Id.* However, once the layoff was removed as an issue in this case, Defendant had no reason to believe that Plaintiff would argue that there was a connection between his 2009 performance evaluation and his 2012 job applications. Bossuat Dec., ¶ 3.

Because Defendant had no reason to believe that the 2012 applications would be at issue at trial, Defendant did not list the three individuals who viewed Plaintiff's personnel file in 2012 as witnesses. Bossuat Dec., ¶ 4. However, having learned of the new theory, Defendant included a request to exclude evidence of post-layoff applications in its Motion in Limine No. 1. The Court denied the Motion as to post-layoff applications. Doc. 220.

Promptly following the Court's Order on the Motions in Limine, Defendant began attempting to identify and contact the individuals who signed the Information Release Form. Bossuat Dec., ¶ 5. Defendant has successfully contacted Stephanie MacDonald, a current County employee who is one of the individuals who signed the Information Release Form. *Id.* She is currently on vacation, but will be available to testify on Wednesday afternoon or Thursday. *Id.*

As a result of the foregoing, Defendant requests that Stephanie MacDonald be added to its witness list and permitted to testify. Defendant is seeking to add this witness at the earliest possible opportunity because it was previously unaware that Plaintiff intended to argue that there was a connection between the Information Release Form and his 2009 unsatisfactory evaluation or that the Court would allow evidence on the 2012 applications.

Dated: May 28, 2019
                              KROLOFF, BELCHER, SMART,
                                         PERRY & CHRISTOPHERSON
                                         A Professional Law Corporation


                                         By:   */s/ Jamie M. Bossuat*
                                                  JAMIE M. BOSSUAT
                                           Attorneys for Defendant
                                           COUNTY OF SAN JOAQUIN

## DECLARATION OF JAMIE M. BOSSUAT

I, Jamie M. Bossuat, declare:

1. I am an attorney duly licensed to practice law in the State of California. I am a shareholder with the law firm Kroloff, Belcher, Smart, Perry & Christopherson, a Professional Law Corporation, attorneys of record for Defendant County of San Joaquin. The matters stated herein are based on my own knowledge, except those matters stated on information and belief; as to those matters, I believe them to be true. If called as a witness, I can testify competently to the facts stated herein.

2. Plaintiff, at the Pretrial Conference, argued for the first time that he was not selected for a job with the County in 2012 because the interviewers reviewed his unsatisfactory 2009 performance evaluation. Plaintiff conveyed this to me during the Pretrial Conference while we were meeting and conferring on which documents Plaintiff intended to offer as exhibits. Plaintiff explained that it is his belief that he was not hired for a position in the Human Services Agency in 2012 because the interviewers reviewed his personnel file and saw his unsatisfactory 2009 performance evaluation. A true and correct copy of the Information Release Form, identified as Plaintiff's Trial Exhibit 53, is attached hereto as **Exhibit A**.

3. Exhibit 35 was produced as part of the County's Rule 26 disclosures as part of Plaintiff's personnel file. Discovery in this case initially included facts relating to Plaintiff's layoff and reemployment efforts. However, the layoff is no longer at issue in this case following Defendant's successful Motion for Summary Judgment on that claim. Consequently, Defendant had no reason to believe that Plaintiff believed there was a connection between his 2009 performance evaluation and his 2012 job applications.

4. Because Defendant had no reason to believe that the 2012 job applications were at issue at trial, Defendant did not list the three individuals who viewed Plaintiff's personnel file as witnesses. However, once it learned of the new theory, Defendant included a request to exclude evidence of post-layoff applications in its Motion in Limine No. 1.

5. Promptly following the Court's Order on the Motions in Limine, I began attempting to identify and contact the individuals who signed the Information Release Form. I have successfully contacted Stephanie MacDonald, a current County employee who is one of the individuals who signed the Information Release Form. She is currently on vacation, but will be available to testify on Wednesday afternoon or Thursday.

I declare under penalty of perjury under federal and state law that the foregoing is true and correct and that this declaration was executed in Stockton, California on the date below.

Dated: June 7, 2019

/s/ *Jamie M. Bossuat*
Jamie M. Bossuat

**[PROPOSED] ORDER**

Having read and considered the foregoing points and authorities, and good cause appearing therefore, Defendant County of San Joaquin's request to add Stephanie MacDonald to its witness list is GRANTED. Ms. MacDonald will be permitted to testify in Defendant's case in chief.

Dated: June 10, 2019

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

NOTICE OF MOTION AND MOTION TO ADD WITNESS STEPHANIE MACDONALD TO DEFENDANT'S WITNESS LIST

CASE NO. 2:12-CV-02783 CKD

5